Docket No. 99698–Agenda 24–May 2005.

FERNANDO CORRAL, JR., Personal Representative of the Estate of Fernando Corral, Sr., Deceased, Appellee, v. MERVIS

 INDUSTRIES, INC., Appellant.

Opinion filed October 20, 2005.

JUSTICE KILBRIDE delivered the opinion of the court:

In this appeal we address: (1) the proper standard of review for the grant or denial of a motion to transfer on the ground of improper venue; and (2) whether the circuit court of Cook County erred in denying defendant’s motion to transfer venue.

This interlocutory appeal arises from the circuit court of Cook County’s denial of defendant’s motion to transfer venue. The appellate court affirmed the circuit court’s denial of defendant’s motion. No. 1–03–0129 (unpublished order under Supreme Court Rule 23). We allowed defendant’s petition for leave to appeal (177 Ill. 2d R. 315).

We hold: (1) the factual determinations of the trial court on a motion to transfer venue are subject to a manifest weight of the evidence standard of review; (2) the legal effect of the trial court’s factual findings is subject to 
de novo 
review. We are, however, unable to review the trial court’s factual determinations in this appeal because of an incomplete record. Consequently, we affirm the order of the circuit court of Cook County.

I. BACKGROUND

On April 12, 2001, Fernando Corral, Sr., was killed while working at defendant’s scrap recycling yard in Danville, Vermilion County. On January 15, 2002, Fernando Corral, Jr., the personal representative of the decedent’s estate, filed a wrongful-death action in Cook County.

On April 4, 2002, defendant filed a motion to transfer in lieu of answering the complaint. Defendant moved to transfer the cause to Vermilion County, alleging Cook County is an improper venue. The circuit court of Cook County denied defendant’s motion to transfer the cause to Vermilion County on December 16, 2002.

Pursuant to Supreme Court Rule 306(a)(4) (166 Ill. 2d R. 306(a)(4)), defendant filed a petition for leave to appeal to the appellate court on January 15, 2003. Rule 306(a)(4) permits a party to petition for leave to appeal to the appellate court from a trial court order granting or denying a motion to transfer venue “based on the assertion that the defendant is not a resident of the county in which the action was commenced, and no other legitimate basis for venue in that county has been offered by the plaintiff.” 166 Ill. 2d R. 306(a)(4).

Defendant filed a supporting record with its petition for leave to appeal, as required by Rule 306(c) (166 Ill. 2d R. 306(c)). The supporting record contained the following documents:

(1) defendant’s motion to transfer venue, with the following attachments: (a) complaint; (b) summons; (c) return of service on summons; (d) printout from Illinois Secretary of State’s website; (e) affidavit of Michael Smith, vice president and CFO of defendant, Mervis Industries, Inc.;

(2) plaintiff’s response to defendant’s motion to transfer venue;

(3) defendant’s reply in support of motion to transfer venue;

(4) transcript of discovery deposition of Michael Smith; and

(5) order of the circuit court of Cook County, denying defendant’s motion to transfer venue.

In his discovery deposition, Michael Smith, vice president and CFO of defendant, testified that defendant operates scrap processing facilities in Danville, Champaign, Mattoon, and Springfield, Illinois. According to Smith, defendant processes metal, paper, and plastic for sale to an end user. Smith testified that defendant’s only Cook County connection is a sales employee, Bob Samson, who works full time for defendant from an office in Samson’s home. Defendant equipped Samson’s home office with a computer, fax machine and fax number, a dedicated business telephone line, and an e-mail address. Samson is defendant’s only plastic scrap broker and conducts sales for defendant from the business telephone line in his home office. Smith testified that Samson answers the business phone line in his home by saying “Mervis Plastics.”

According to Smith, the only time Samson has traveled to defendant’s headquarters in Danville was for his hiring interview. Smith acknowledged during his deposition that plastic scrap sales generate annual revenues of $1,500,000 to $1,750,000.

In addition to defendant’s Cook County employee, defendant sells a small amount of stainless steel in Cook County. The Cook County steel sales represent less than 1% of defendant’s total sales.

The order of the circuit court denying defendant’s motion to transfer venue states:

“This cause coming to be heard on motion of defendant, Mervis Industries, to transfer venue; it is hereby ordered that defendant’s motion is denied. This matter is set for status on the pleadings for 2/7/03 at 9:15 a.m.”

The appellate court allowed defendant’s petition for leave to appeal. 166 Ill. 2d R. 306(a)(4). On November 4, 2004, the appellate court affirmed the circuit court. No. 1–03–0129 (unpublished order under Supreme Court Rule 23). The appellate court’s order stated:

“The trial court held that Mervis had an office in Cook County, because one of Mervis’s employees worked in his Cook County home. We agree with the trial court that the home office here sufficed to establish corporate residence for venue purposes.”

The appellate court further concluded:

“Mervis brokered plastic scrap from an office in its employee’s home in Cook County. Because Mervis had an ‘other office’ in Cook County, the trial court correctly held that Mervis was a resident of Cook County for venue purposes.”

We allowed defendant’s petition for leave to appeal. 177 Ill. 2d R. 315.

II. ANALYSIS

Defendant raises two issues in its appeal. First, defendant argues reviewing courts should apply a 
de novo
 standard of review to orders denying a motion to transfer venue from an improper forum when the facts are undisputed. Second, defendant argues the circuit court of Cook County erred in denying its motion to transfer venue to Vermilion County because its employee’s home is not an office of defendant and, therefore, Cook County is an improper venue. We address each of defendant’s arguments 
seriatim
.

A. Standard of Review

We first examine the proper standard of review for the grant or denial of a motion to transfer based on improper venue. We begin our analysis by reviewing the venue statutes. Section 2–101 of the Code of Civil Procedure (Code) (735 ILCS 5/2–101 (West 2000)) generally governs venue and provides, in relevant part:

“Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose.”

Section 2–102 of the Code specifically defines the residence of corporations and provides, in pertinent part:

“For purpose of venue, the following definitions apply:

(a) Any private corporation *** organized under the laws of this State *** is a resident of any county in which it has its registered office or other office or is doing business.” 735 ILCS 5/2–102 (West 2000).

Defendant contends a motion to transfer to a proper venue presumes the forum county is not a proper venue. According to defendant, where venue is improper in the forum county, the circuit court has no discretion and must transfer venue to a proper forum. Thus, defendant insists the proper standard of review is 
de novo
. Plaintiff, on the other hand, asks this court to adopt a “clearly erroneous” standard of review.

There appear to be conflicting decisions in our appellate court concerning the proper standard of review on a motion to transfer based on improper venue. 
Home Depot, U.S.A., Inc. v. Department of Revenue
, 355 Ill. App. 3d 370 (2d Dist. 2005), applied a 
de novo 
standard of review to the issue of whether statutory venue requirements had been met and then applied an abuse of discretion standard of review to the ultimate issue of venue where more than one venue is proper. Other appellate court cases have only applied a 
de novo
 standard of review to determine whether the facts of a particular case met statutory venue requirements. See 
Reynolds v. GMAC Financial Services
, 344 Ill. App. 3d 843 (5th Dist. 2003); 
Boxdorfer v. DaimlerChrysler Corp.
, 339 Ill. App. 3d 335 (5th Dist. 2003); 
Reichert v. Court of Claims
, 327 Ill. App. 3d 390 (5th Dist. 2002), 
vacated on other grounds
, 203 Ill. 2d 257 (2003);
 Lake County Riverboat L.P. v. Illinois Gaming Board
, 313 Ill. App. 3d 943, 951 (2d Dist. 2000). Still, other appellate court cases have applied an abuse of discretion standard of review. See 
Southern & Central Illinois Laborers’ District Council v. Illinois Health Facilities Planning Board
, 331 Ill. App. 3d 1112 (5th Dist. 2002); 
Johnson v. Compost Products, Inc.
, 314 Ill. App. 3d 231 (2d Dist. 2000); 
Long v. Gray
, 306 Ill. App. 3d 445 (1st Dist. 1999). To be sure, this court has not been entirely clear on expressing the standard of review to be applied on appeal from an order of the circuit court granting or denying a motion to transfer based on improper venue, and the confusion among our appellate districts concerning the proper standard of review is understandable.

Those appellate court cases applying the abuse of discretion standard of review relied on 
Stambaugh v. International Harvester Co.
, 102 Ill. 2d 250 (1984). 
Stambaugh
 applied an abuse of discretion standard of review to an appeal from the denial of a motion to transfer based on improper venue. 
Stambaugh
, 102 Ill. 2d at 263. 
Stambaugh 
did not offer any analysis or explanation concerning the applicable standard of review, but simply cited 
Morrison v. Community Unit School District No. 1
, 44 Ill. App. 3d 315 (1976), for the abuse of discretion standard of review. As the 
Reichert 
court aptly observed, 
Morrison
 did not involve a motion to transfer based on improper venue but, rather, a motion to transfer from a proper venue based on prejudice of the forum county’s jury pool. 
Reichert
, 327 Ill. App. 3d at 393. A motion to transfer from one proper venue to another based on potential prejudice requires the trial court to exercise discretion and merits application of the abuse of discretion standard of review.

Since 
Stambaugh
, this court has clarified the proper deference to be accorded the trial court via applicable standards of appellate review. In 
People v. Coleman
, this court acknowledged “[t]he manifestly erroneous standard represents the typical appellate standard of review for findings of fact made by a trial judge.” 
People v. Coleman
, 183 Ill. 2d 366, 384-85 (1998), citing M. Davis, 
A Basic Guide to Standards of Judicial Review
, 33 S.D. L. Rev. 469, 470-71 (1988). Accordingly, we determined that the manifestly erroneous standard of review is only appropriate when reviewing the propriety of an order of the circuit court granting or denying relief at the conclusion of the evidentiary stage of a proceeding. 
Coleman
, 183 Ill. 2d at 385. Although 
Coleman 
involved a proceeding under the Post-Conviction Hearing Act (725 ILCS 5/122–1 
et seq.
 (West 1994)), this court has recognized that, “[t]ypically, the manifest error standard is appropriate to review findings of fact made by a trial judge” in other civil actions. See 
Webster v. Hartman
, 195 Ill. 2d 426, 432 (2001), citing 
Coleman
, 183 Ill. 2d at 384-85.

Coleman 
further noted the abuse of discretion standard of review has traditionally been reserved for trial court decisions deserving great deference, such as overseeing the courtroom or maintaining the progress of trials. 
Coleman
, 183 Ill. 2d at 387. 
Coleman 
acknowledged the abuse of discretion standard of review “has been recognized as ‘the most deferential standard of review available with the exception of no review at all.’ ” 
Coleman
, 183 Ill. 2d at 387, quoting 33 S.D. L. Rev. at 480. Consequently, 
Coleman 
concluded the use of such a deferential standard was inappropriate to review a ruling that did not require the trial court to exercise any discretion. 
Coleman
, 183 Ill. 2d at 387.

Coleman 
also recognized that when all factual inquiries are eliminated, and the trial court’s inquiry is limited to the sufficiency of the allegations, the question becomes a legal one. Accordingly, the trial court’s ultimate legal determination is subject to 
de novo 
plenary review. 
Coleman
, 183 Ill. 2d at 388-89.

We agree with defendant that it is inappropriate to apply an abuse of discretion standard of review on appeal from the grant or denial of a motion to transfer based on improper venue. As the 
Reichert 
court correctly recognized, “[e]ither the facts support venue in the county in which the action was filed or they do not. Once this factual determination is made, the trial court has no discretion as to whether to grant or deny the motion.” 
Reichert
, 327 Ill. App. 3d at 393-94.

The “clearly erroneous” standard of review, suggested by plaintiff, has been employed by this court only in reviewing decisions of administrative agencies. See 
Carpetland U.S.A., Inc. v. Illinois Department of Employment Security
, 201 Ill. 2d 351, 369 (2002); 
AFM Messenger Service, Inc. v. Department of Employment Security
, 198 Ill. 2d 380, 395 (2001); 
City of Belvidere v. Illinois State Labor Relations Board
, 181 Ill. 2d 191, 205 (1998). Agency determinations have historically been entitled to great deference due to an agency’s experience and expertise in interpreting its governing statutes. See
 AFM Messenger
, 198 Ill. 2d at 394-95. We therefore decline plaintiff’s invitation to adopt a “clearly erroneous” standard of review for trial court orders granting or denying a motion to transfer based on improper venue.

In determining the proper scope of review on a motion to transfer based on improper venue, we find 
Lake County Riverboat
 instructive. In 
Lake County Riverboat
, the appellate court noted that proper venue determinations involve separate questions of fact and law. 
Lake County Riverboat
, 313 Ill. App. 3d at 951, citing 
ServiceMaster Co. v. Mary Thompson Hospital
, 177 Ill. App. 3d 885, 891-95 (1988) (reviewing the facts of the case and then determining as a matter of law whether venue is proper). 
Lake County Riverboat
 properly recognized that questions of fact are reviewed for manifest error, and questions of law are reviewed 
de novo
. 
Lake County Riverboat
, 313 Ill. App. 3d at 951. When there is no dispute concerning the facts relied upon by the court, 
Lake County Riverboat
 concluded 
a de novo
 standard of review was proper. 
Lake County Riverboat
, 313 Ill. App. 3d at 951.

We agree with the standards set forth by 
Lake County Riverboat
. The determination of proper statutory venue raises separate questions of fact and law because it necessarily requires a trial court to rule on the legal effect of its factual findings. In other words, after first examining the facts of the case, the trial court must then determine whether the venue statute is satisfied. The inquiry thus requires a two-step analysis. First, the trial court’s underlying factual findings are reviewed deferentially. A trial court’s findings of fact will not be disturbed on review unless those findings are against the manifest weight of the evidence. 
Eychaner v. Gross
, 202 Ill. 2d 228, 251 (2002). Second, the trial court’s conclusion of law is reviewed 
de novo
. 
Eychaner
, 202 Ill. 2d at 252. With these standards of review in mind, we now review the merits of this appeal.

B. Whether the Circuit Court Erred in Denying Defendant’s Motion to Transfer Venue

Let us first be clear what is and is not at issue in this case. Defendant based its motion to transfer solely on a claim that venue is improper in Cook County. Defendant did not base its motion to transfer on a claim of 
forum non conveniens
. We do not, therefore, consider whether the facts of this case would have supported a venue transfer based on a claim of 
forum non conveniens
.

“Proper venue is an important statutory privilege.” 
Bucklew v. G.D. Searle & Co.
, 138 Ill. 2d 282, 288 (1990). A defendant has the right to insist that a lawsuit proceed in a proper venue, provided the defendant timely raises a venue objection. 
Williams v. Illinois State Scholarship Comm’n
, 139 Ill. 2d 24, 52-53 (1990). A defendant may raise, waive, or forfeit an objection to improper venue. See 735 ILCS 5/2–104(b) (West 2000); 
Horn v. Rincker
, 84 Ill. 2d 139, 145-46 (1981).

We reiterate the determination of proper statutory venue raises separate questions of fact and law. We will not disturb a trial court’s findings of fact unless those findings are against the manifest weight of the evidence. 
Eychaner
, 202 Ill. 2d at 251; 
Webster
, 195 Ill. 2d at 432. “A decision is against the manifest weight of the evidence only when an opposite conclusion is apparent or when the findings appear to be unreasonable, arbitrary, or not based on the evidence.” 
Eychaner
, 202 Ill. 2d at 252. A reviewing court must not substitute its own judgment for the judgment of the trier of fact. 
Kalata v. Anheuser-Busch Cos.
, 144 Ill. 2d 425, 434 (1991). After reviewing the trial court’s factual findings, we review the legal effect of the trial court’s conclusions 
de novo
. 
Eychaner
, 202 Ill. 2d at 252.

It is the defendant’s burden to prove plaintiff’s venue selection was improper. 
Weaver v. Midwest Towing, Inc.
, 116 Ill. 2d 279, 285 (1987). “In doing so, the defendant must set out specific facts, not conclusions, and show a clear right to the relief asked for.” 
Weaver
, 116 Ill. 2d at 285 (citing 
Taylor v. Southern Ry. Co.
, 350 Ill. 139, 143 (1932), and 
Winn v. Vogel
, 345 Ill. App. 425, 430 (1952)). “Any doubts arising from the inadequacy of the record will be resolved against the defendant.” 
Weaver
, 116 Ill. 2d at 285, citing 
Foutch v. O’Bryant
, 99 Ill. 2d 389, 391-92 (1984).

Defendant argues the circuit court of Cook County erred in denying its motion to transfer venue to Vermilion County. According to defendant the circuit court held that Cook County is a proper venue because the Cook County residence of a single employee of the defendant constituted an “other office” of the defendant since that employee does business from his residence. Nothing in the record supports defendant’s characterization of the circuit court’s factual determinations.

Moreover, it is unclear how the appellate court could have reviewed the circuit court’s factual findings because nothing in the supporting record contains any factual findings or the basis for the circuit court’s decision. The order of the circuit court denying defendant’s motion to transfer venue simply states, “This cause coming to be heard on motion of defendant, Mervis Industries, to transfer venue; it is hereby ordered that defendant’s motion is denied.” The supporting record contains no transcript of the hearing on defendant’s motion to transfer venue. No additional record on appeal or report of proceedings was provided to the appellate court as permitted by Rule 306(h) (155 Ill. 2d R. 306(h)). There was no bystander’s report or agreed statement of facts filed as authorized under Rule 323 (166 Ill. 2d R. 323). Moreover, the record provided to this court for review was the same record presented to the appellate court for its review.

From our examination of the supporting record, we know only that defendant’s motion to transfer venue was called for hearing on December 16, 2002. We do not know what evidence or arguments were presented at that hearing, nor are we informed of the circuit court’s findings of fact or its reasoning in denying defendant’s motion to transfer venue. We only know that the circuit court denied defendant’s motion to transfer venue after conducting a hearing. Thus, we cannot determine whether the circuit court’s order is based on one or more of the statutory bases for venue.

This court has recognized that to support a claim of error, the appellant has the burden to present a sufficiently complete record. 
Webster
, 195 Ill. 2d at 432, citing 
Foutch
, 99 Ill. 2d at 391-92 (“an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error”). An issue relating to a circuit court’s factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding. 
Webster
, 195 Ill. 2d at 432 (“Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding”).

Without an adequate record preserving the claimed error, the reviewing court must presume the circuit court had a sufficient factual basis for its holding and that its order conforms with the law. 
Webster
, 195 Ill. 2d at 432; 
Foutch
, 99 Ill. 2d at 392. “Any doubts which may arise from the incompleteness of the record will be resolved against the appellant.” 
Foutch
, 99 Ill. 2d at 392.

Accordingly, we cannot review the claimed error to determine whether the trial court’s factual findings were against the manifest weight of the evidence, or consider the legal effect of its factual findings. Consequently, the appellate court’s conclusion was not supported by the record and we make no pronouncement on its determination that venue was proper in Cook County based on its conclusion that defendant maintains an “other office” in Cook County. Nonetheless, we affirm its judgment affirming the denial of defendant’s motion to transfer venue to Vermilion County.

III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the appellate court, affirming the order of the circuit court of Cook County, denying defendant’s motion to transfer based on improper venue.

Affirmed.

JUSTICE GARMAN took no part in the consideration or decision of this case.