NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190194-U

NO. 4-19-0194

FILED
February 6, 2020
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| JOHN SCHNEPF, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Pike County |
| TIMOTHY JACKSON, | ) | No. 17SC164 |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Charles H. W. Burch, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, concluding plaintiff failed to show the trial court's
basis for sustaining its finding in favor of defendant was erroneous.

¶ 2    Plaintiff, John Schnepf, filed a *pro se* small claims complaint against defendant,

Timothy Jackson. Following a bench trial, the trial court found in favor of defendant. Plaintiff filed

a motion to reconsider, arguing the court should vacate its decision as its basis for finding in favor

of defendant was erroneous and then enter judgment in his favor. Following a hearing, the court

entered a written order denying plaintiff's motion. Plaintiff appeals, arguing we should reverse and

enter judgment in his favor. We affirm.

¶ 3                           I. BACKGROUND

¶ 4    In September 2017, plaintiff filed a *pro se* small claims complaint against

defendant, which he later amended. In his amended complaint, plaintiff alleged defendant was

indebted to him in the sum of $1,876.43 plus costs for attorney fees payments made by plaintiff on defendant's behalf.

¶ 5 In May 2018, the trial court held a bench trial. The record on appeal does not include a complete verbatim trial transcript. The following is gleaned from a docket entry, a handwritten order, and a transcript excerpt providing the oral pronouncement of the court's decision. Both plaintiff and defendant appeared *pro se* and testified. Plaintiff offered three exhibits into evidence, which were admitted without objection. The court received "[s]tatement[s]" filed by a third party. After considering the evidence presented, the court found in favor of defendant. In the handwritten order, the court indicated it found in favor of defendant "[i]n light of the record in this case [and] for reasons set forth in the record by the [c]ourt." In the transcript excerpt, the court indicated it found in favor of defendant because plaintiff's claim was barred under the statute of frauds as any agreement was not in writing. In so finding, the court noted, "I don't know that either of you gentlemen would be familiar with the *** provision in contract law that is known as the [s]tatute of [f]rauds ***."

¶ 6 In June 2018, plaintiff, with the assistance of counsel, filed a motion to reconsider. In his motion, plaintiff argued the court should vacate its decision as its basis for finding in favor of defendant was erroneous and then enter judgment in his favor. Specifically, plaintiff asserted the court was not permitted to apply the statute of frauds where defendant never raised that defense.

¶ 7 In February 2019, the trial court held a hearing on plaintiff's motion to reconsider. The record on appeal does not include a verbatim transcript from the hearing. The following is gleaned from a docket entry and a handwritten order. Plaintiff appeared with counsel, and defendant appeared *pro se*. Both parties presented argument. According to both the docket entry

and the handwritten order, the court denied plaintiff's motion for the "reasons set forth in the record."

¶ 8        This appeal followed.

¶ 9                                II. ANALYSIS

¶ 10        On appeal, plaintiff argues we should reverse and enter judgment in his favor as the trial court's decision was based on an improper *sua sponte* application of the statute of frauds. Defendant has not presented argument.

¶ 11        An appellant bears the burden of presenting a sufficiently complete record to support a claim of error on appeal. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156, 839 N.E.2d 524, 531 (2005). This court cannot review an issue related to a trial court's factual findings or basis for its legal conclusions absent a report or record of proceedings. *Id.* Absent a sufficient record, we must presume the trial court "had a sufficient factual basis for its holding and that its order conforms with the law." *Id.* at 157.

¶ 12        The claim of error plaintiff raises on appeal is the same claim of error plaintiff asserted in his motion to reconsider. The trial court held a hearing on plaintiff's motion to reconsider where it heard arguments from both plaintiff and defendant. The court then, after considering the arguments presented, denied plaintiff's motion for the "reasons set forth in the record." Plaintiff has not provided this court with a verbatim transcript from the hearing, a bystander's report, or an agreed statement of facts. See Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017).

¶ 13        Even if the trial court initially erred in finding in favor of defendant based on an improper *sua sponte* application of the statute of frauds, we must presume, given the absence of a sufficient record on appeal, the court had a sufficient factual or legal basis for sustaining its finding

in favor of defendant after the issue was brought to its attention in plaintiff's motion to reconsider. Plaintiff has failed to show the trial court's basis for sustaining its finding in favor of defendant was erroneous.

¶ 14                                     III. CONCLUSION

¶ 15            We affirm the trial court's judgment.

¶ 16            Affirmed.