2020 IL App (2d) 191086-U
No. 2-19-1086
Order filed November 9, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| TIMOTHY KINDSTROM, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 19-LA-171 |
| | ) | |
| RHIANNON HARKINS, | ) | Honorable |
| | ) | Thomas A. Meyer, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices McLaren and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in granting defendant's motion to transfer venue. Affirmed.

¶ 2    Plaintiff, Timothy Kindstrom, *pro se*, sued defendant, Rhiannon Harkins, in McHenry County, alleging malicious prosecution and intentional infliction of emotional distress. Defendant moved to transfer venue to Lake County, arguing that the case was filed in the wrong venue, where she never lived in McHenry County and the litigation giving rise to the present case occurred in Lake County. The trial court granted the motion, and plaintiff appeals, arguing that he was unable

to verify defendant's address, he received certain filings in McHenry County, and he does not believe he will receive a fair trial in Lake County. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      On June 4, 2019, plaintiff, *pro se*, sued defendant in McHenry County, alleging malicious prosecution (four counts) and intentional infliction of emotional distress (one count) and seeking $176,196 and punitive damages. The allegations related to litigation that occurred in the Nineteenth Judicial Circuit in Lake County (case Nos. 17-OP-344, 19-OP-229, 17-CM-764, and 17-CM-2557) and encompassing the period January 27, 2017, to May 21, 2019. Plaintiff asserted that defendant filed petitions for two emergency orders of protection against him, one of which was non-suited and another that was denied. He also asserted that, based on defendant's testimony, he was convicted of violating a bail bond, which was subsequently dismissed and vacated. Plaintiff also alleged that, among other acts, defendant harassed him and his family and sent false information to one of his clients (which caused the client to terminate a contract with him).

¶ 5      As relevant to this appeal, plaintiff further alleged that defendant is a resident of McHenry County and Lake County, residing at 5307 W. Greenbrier, McHenry (McHenry County), and at 2425 Quaker Hollow Lane, Round Lake Beach (Lake County). He asserted that venue was proper in McHenry County pursuant to section 2-101 of the Code of Civil Procedure (Code) (735 ILCS 5/2-101 (West 2018) (providing that "every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose.").

¶ 6    On August 9, 2019, defendant moved to transfer venue (to Lake County) for wrong venue, asserting that she has never resided in McHenry County. See 735 ILCS 5/2-104(b), (c) (West 2018) ("All objections of improper venue are waived by a defendant unless a motion to transfer to a proper venue is made by the defendant on or before the date upon which he or she is required to appear or within any further time that may be granted him or her to answer or move with respect to the complaint"; "Motions for transfer to a proper venue may be supported and opposed by affidavit"). Defendant argued that, given that no portion of the Lake County litigation that is the subject of plaintiff's case occurred in McHenry County, his choice of venue in McHenry County was wrong. In an attached affidavit, defendant averred that the 5307 W. Greenbrier, McHenry, address is her mother's address and that she never resided at the address. She further averred that she resided in either Gurnee (at 7108 S. Stratton Lane) or Round Lake Beach (at 2425 Quaker Hollow Lane), both in Lake County, during the relevant period (January 1, 2017, to August 9, 2019). She attached a copy of a verified emergency order of protection filed against plaintiff on February 27, 2017, in Lake County, which lists as her residence her Gurnee address and lists the Greenbriar address in McHenry as a place where the petitioner and/or protected persons are present. She also attached copies of 2018 and 2019 telephone records (listing her Round Lake Beach address), a February 15, 2019, health insurance statement (listing the Gurnee address for the policy period March 1, to December 31, 2017), and dental-insurance records received for the August 2019 billing period (listing her Round Lake Beach address on a policy effective as of March 1, 2017).

¶ 7    Defendant also sought, pursuant to section 2-107 of the Code (735 ILCS 5/2-107 (West 2018)) attorney fees and costs, arguing that plaintiff filed his case in the wrong venue in bad faith. She referenced Lake County case No. 17-CM-2557, which is the basis of count IV of the present

case, arguing that the court, in an agreed order, had ordered that the matter was dismissed and that "neither the State nor the Defendant shall take any further action relative to or as a result of this case." Defendant argued that plaintiff had taken further action in the underlying case by including it as a basis in this case. She asserted that plaintiff filed the instant action in bad faith in McHenry County to avoid the effect of the Lake County order. Accordingly, she sought costs and attorney fees.

¶ 8    In his response, plaintiff argued that, since February 2017, defendant had lied, created confusion, and misled the court and police "in her malicious pursuit as well as abuse of process against" plaintiff. He referred to an incident in 2015, in which defendant pleaded guilty to felony fabrication of and tampering with physical evidence in Pasco County, Florida, and he argued that defendant was again attempting to create confusion and mislead the court. According to plaintiff, defendant is a Florida resident and none of her paperwork in her motion to change venue established her residency. Plaintiff also cited, for the first time, section 2-1001.5(a) of the Code, the venue provision allowing a change of venue when a court determines that a party may not receive a fair trial in the court in which the action is pending. 735 ILCS 5/2-1001.5(a) (West 2018). Plaintiff asserted that his civil rights were violated in the Nineteenth Judicial Circuit and that several witness he sought to call in this case were Lake County officeholders who would have undue influence in Lake County courts.

¶ 9    At a November 12, 2019, hearing on defendant's motion to transfer venue, the trial court noted that the record did not contain documentation supporting plaintiff's assertion that defendant resides in McHenry County; rather, they pointed to Lake County "and further that you knew it." Plaintiff responded that he did not know where defendant resides. The court noted that both orders of protection listed defendant's residence as Gurnee (Lake County): "That order of protection told

you what her residence was." Plaintiff replied that no one resided at the 7018 South Stratton Court address, which he asserted was defendant's father's condo that was in foreclosure, that defendant's driver's license was issued in Florida and, thus, defendant is a Florida resident. Defendant responded that all of the litigation that is the subject of the case occurred in Lake County. The trial court noted to plaintiff that, one month after he filed this case, he sent defendant a subpoena at a Round Lake address (in Lake County):

"THE COURT: And yet you contested this motion to transfer to Lake County—

[PLAINTIFF]: Yes, for—

THE COURT: --wasting my time and [defense counsel's] time?

[PLAINTIFF]: I apologize. I'm not attempting to waste the Court's time. I don't feel that I will ever receive a fair hearing in Lake County for many reasons.

THE COURT: That's a different issue. That's a different issue. But I can't rule that—I can't determine that you are never going to get a fair trial in Lake County. That is a different issue. But you did it backwards. You filed it here and filed what I think is, quite plainly, a false pleading alleging that she lived here.

So I'm going to grant the motion to transfer to Lake County, cost to plaintiff."

Plaintiff added that he intended to argue that the trial court had previously made a substantive ruling in the case. The trial court noted that plaintiff had failed to include this argument in his motion, thus, its decision would not change. Also, the trial court reiterated that it had reviewed all the exhibits and that none identified the Greenbrier address as defendant's residence. "Instead, you gave me documents from 20 years ago as if they were relevant to her place of residence in 2017 or thereafter." (The court referred to several non-traffic complaints issued against defendant

in the 1990s and 2001 that plaintiff had attached to his objection to defendant's motion to transfer venue.)

¶ 10   The trial court granted defendant's motion to transfer venue and ordered that all costs and appearance fees be paid by plaintiff.  Upon announcing its ruling, plaintiff stated that he believed he filed the case in the proper venue and that defendant's address "was not known."  The trial court noted that "the information you provided me demonstrates exactly the opposite," and that the exhibits did not identify the Greenbrier address as defendant's address.  The court further noted that it had "seriously considered sanctioning you under [Illinois Supreme Court Rule] 137 [(eff. Jan. 1, 2018)] for false pleadings, but I am not."  Plaintiff, *pro se*, appeals.

¶ 11                                  II. ANALYSIS

¶ 12   Plaintiff argues that the trial court erred in granting defendant's motion to transfer venue. For the following reasons, we reject his argument.

¶ 13   "The determination of proper statutory venue raises separate questions of fact and law because it necessarily requires a trial court to rule on the legal effect of its factual findings." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 153-54 (2005).  In reviewing the trial court's determination on a motion to transfer venue, we first deferentially review the court's factual findings.  "A trial court's findings of fact will not be disturbed on review unless those findings are against the manifest weight of the evidence." *Id.* at 154.  A finding is against the manifest weight of the evidence where no reasonable person would take the trial court's view. *In re Marriage of Johnson*, 2016 IL App (5th) 14047, ¶ 75.  Second, we review *de novo* the trial court's application of the law. *Corral*, 217 Ill. 2d at 154.

¶ 14   Section 2-101 of the Code, which plaintiff cited in his complaint as the basis for establishing proper venue in McHenry County, provides, in relevant part:

"Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2018).

¶ 15     As to the first prong of section 2-101, defendant's county of residence, residence is determined at the time a lawsuit is commenced. See *Tabirta v. Cummings*, 2020 IL 124798, ¶ 35. Plaintiff contends on appeal that he was unable to verify defendant's address and points instead to the transactional prong of section 2-101. Defendant responds that the only evidence of her county of residence at the time plaintiff commenced his suit was her affidavit, wherein she averred that she resided in Lake County. We conclude that, as to the residence prong of section 2-101, the trial court did not err in finding that plaintiff failed to offer documentation establishing that defendant's residence is in McHenry County and that, rather, it showed that her residence is in Lake County. The orders of protection contained in the record clearly reflect that defendant's residence is in Lake County.

¶ 16     As to the second prong of section 2-101, the county in which the cause of action occurred, plaintiff points to an order of protection that he was allegedly served in McHenry County and notes that his supervised supervision was transferred to that county. He also notes that defendant sought to protect two McHenry County addresses in her emergency orders of protection. Thus, he reasons, McHenry County is a proper venue. Defendant responds by noting that, in his complaint, plaintiff alleged malicious prosecution and intentional infliction of emotional distress. These causes of action, she argues, relate to litigation in Lake County, not McHenry County. We agree with

defendant. The malicious-prosecution and intentional-infliction-of-emotional-distress claims in plaintiff's complaint relate only to litigation commenced in Lake County. Lake County is, thus, where the transactions occurred out of which the litigation in this case arose. 735 ILCS 5/2-101 (West 2018). Plaintiff erroneously focuses on filings he allegedly received in McHenry County and ignores the Lake County litigation that underlies the counts in his complaint in this case. The trial court primarily based its ruling on the residence prong of section 2-101, but it also noted at the hearing on defendant's motion that plaintiff had served defendant a subpoena at a Round Lake address. Plaintiff did not contest this finding by the court. This evidence, plus the complaint allegations concerning Lake County litigation, reasonably support a finding that Lake County is the proper venue under section 2-101.

¶ 17    Next, plaintiff argues that the trial court erred in granting defendant's motion to change venue, because the court had already ruled on a substantial issue in the case. He notes that the trial court, on July 1, 2019, had announced a briefing schedule on a motion to quash a subpoena issued to the Attorney General's office. Plaintiff also notes that, on July 31, 2019, the trial court allowed the motion to quash. He further references a June 28, 2019, subpoena allegedly issued to Nicole Farrow at the Lake County State's Attorneys office, to which the office did not respond. Plaintiff also argues that these documents would have supported his claim that he will never receive a fair trial in Lake County. He also claims that he intends to call multiple witnesses who hold public offices in that county and that it is reasonable to assume that they will have undue influence over the judges and jurors in Lake County.

¶ 18    We reject plaintiff's argument. In support of his substantial-issue claim, plaintiff cites to section 2-1001.5(a) of the Code, which allows a change of venue when a court determines that party may not receive a fair trial in the court in which the action is pending. The statute further

provides that a change of venue will not be granted, unless it is presented "before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, but if any ground for change of venue occurs thereafter, a petition for change of venue may be presented based upon that ground." 735 ILCS 5/2-1001.5(c) (West 2018). Plaintiff's argument fails, because section 2-1001.5 is not the basis upon which he asserted in his complaint that venue was proper in McHenry County. In his complaint, plaintiff cited to section 2-101 of the Code, which, again, provides that venue is proper in the defendant's county of residence or in the county where the transaction arose. That section does not have a substantial-issue provision. Even if section 2-1001.5 was relevant to this case, the statute requires that the movant file a written petition supported by affidavit *in the venue where the movant alleges he or she is prejudiced, not in the venue where he or she seeks to have the case heard*. Here, plaintiff has neither petitioned to move venue *to* McHenry County (indeed, he filed his case *in* McHenry County), nor has he filed anything in Lake County, which is the county where he does not want his case to be heard. As the trial court noted, plaintiff's order of filings was "backwards."

¶ 19    Plaintiff's reliance on section 2-1001.5 of the Code is further misplaced, because defendant brought her motion to transfer venue pursuant to section 2-104 of the Code, which provides, at subsection (b), that: "All objections of improper venue are waived by a defendant unless a motion to transfer to a proper venue is made by the defendant on or before the date upon which he or she is required to appear or within any further time that may be granted him or her to answer or move with respect to the complaint[.]"  735 ILCS 5/2-104(b) (West 2018). Defendant filed such a motion, arguing that plaintiff filed his case in the wrong venue. The statute also provides that "Motions for transfer to a proper venue may be supported and opposed by affidavit. In determining issues of fact raised by affidavits, any competent evidence adduced by the parties shall also be

considered." 735 ILCS 5/2-104(c) (West 2018). Defendant filed an affidavit in support of her motion, averring that she did not live in McHenry County during the relevant period. Finally, section 2-104 does not have a substantial-issue provision.

¶ 20 In summary, the trial court did not err in granting defendant's motion to transfer venue to Lake County.

¶ 21                                    III. CONCLUSION

¶ 22 For the reasons stated, the judgment of the circuit court of McHenry County is affirmed.

¶ 23 Affirmed.