2021 IL App (1st) 192275-U

No. 1-19-2275

Order filed June 24, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KENYA MILLER, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois |
| Plaintiff-Appellee, | ) | |
| | ) | |
| vs. | ) | No. 19 M1 119475 |
| | ) | |
| WASIU ISHOLA ALADE, | ) | Honorable |
| | ) | Dennis M. McGuire, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's ruling granting judgment for plaintiff is affirmed, where defendant failed to provide a sufficiently complete record on appeal.

¶ 2    Plaintiff Kenya Miller and defendant Wasiu Ishola Alade entered into a month-to-month rental agreement (Agreement) on December 15, 2018, whereby Miller was to rent an apartment from Alade. Miller filed a verified complaint against Alade on June 24, 2019, alleging violations of the Chicago Residential Landlord and Tenant Ordinance (RLTO).

¶ 3    On October 28, 2019, following a bench trial, the trial court entered judgment for Miller in the amount of $4,810. Alade appeals from that judgment. Due to the inadequate record on appeal, we must affirm.[1]

¶ 4                                I. JURISDICTION

¶ 5    The trial court entered a judgment against Alade on October 28, 2019. On November 1, 2019, Alade filed a timely notice of appeal. Accordingly, this court has jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1980, art. VI, § 6) and Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (a) (eff. July 1, 2017), governing appeals from a final judgment of a circuit court in a civil case.

¶ 6                                II. BACKGROUND[2]

¶ 7    Miller and Alade entered into a month-by-month rental agreement on December 15, 2018. Pursuant to that Agreement, Alade agreed to rent Miller an apartment in exchange for a monthly payment of $1,000. On June 24, 2019, Miller, through counsel, filed a complaint against Alade, seeking $2,100 in damages plus interest, attorney fees, and costs due to Alade's alleged violations of the RTLO. In her complaint, Miller alleged that, on or about December 15, 2018, she tendered to Alade a security deposit in the amount of $1,000. Miller alleged that, after she vacated the property on or about January 31, 2019, Alade—in violation of section 5-12-080(d) of the RLTO— failed to return her security deposit or, in the alternative, provide an itemization for damages alleged. Chicago Municipal Code § 5-12-080(d) (amended July 28, 2010) (requiring landlord to return security deposit within 45 days of tenant vacating the premises, unless landlord deducts a reasonable amount necessary to repair any damages to the premises, in which case landlord shall

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

[2] Alade failed to supply a report of proceedings or a bystander's report on appeal. The following background facts and procedural history are taken from the common law record and Alade's brief.

deliver to tenant within 30 days an itemized statement of damages). She further claimed that Alade comingled her security deposit with funds owned by Alade and that he failed to hold her security deposit in a trust account, in violation of section 5-12-080(a)(1) of the RLTO. Chicago Municipal Code § 5-12-080(a)(1) (amended July 28, 2010) ("A landlord shall hold all security deposits received by him in a federally insured interest-bearing account * * * [a security deposit] shall not be commingled with the assets of the landlord * * *.").

¶ 8    Lastly, Miller alleged Alade failed to attach a summary of the RLTO to the Agreement, as required by section 5-12-170. Chicago Municipal Code § 5-12-170 (amended Nov. 14, 2018) (a copy of the summary of the RLTO, as prepared by the Commissioner of Housing, shall be attached to each written rental agreement). Attached to her complaint, Miller included a copy of a notarized letter dated February 1, 2019, from herself to Alade, requesting a return of her security deposit pursuant to the Agreement.

¶ 9    On July 19, 2019, Alade filed a *pro se* appearance. Thereafter, on August 7, 2019, Alade filed two *pro se* responses to Miller's complaint. Within his response, Alade claimed that the Agreement was excluded from the provisions of the RLTO because the building was a two-unit owner-occupied building. Furthermore, Alade alleged that Miller and her co-tenant damaged the premises, which he informed her of on February 6, 2019, and he sent her an email detailing the itemized list of damages on March 8, 2019. Attached to his response, Alade included (1) a copy of his Illinois Driver's License; (2) a "Notice to Terminate Tenancy" dated December 31, 2018; (3) a copy of an email dated March 8, 2019, from Alade to Miller, with an itemization of repairs for damages; (4) copies of various bills purported to be from repairs to the premises; and (5) a picture of an alleged text message exchange between Alade and Miller. After a status date on August 28, 2019, Alade hired an attorney to represent him in the case.

¶ 10     The case was set for trial on October 28, 2019. Although the record on appeal does not contain a transcript or report of proceedings, on that same date, the trial court entered judgment reflecting Alade and Miller were present, with their respective attorneys, and awarded Miller $4,810 in damages, fees, and costs. On November 1, 2019, Alade filed a timely notice of appeal.

¶ 11                                        III. ANALYSIS

¶ 12     As a preliminary matter, we observe that no appellee's brief has been filed in this case. On appeal, Alade contends the trial court erred by: (1) ruling that he did not file a response to the complaint made against him; (2) prohibiting him from defending himself where he was not allowed to rely on the evidence presented in his duly filed response; and (3) excluding (a) the testimony of his witness, and (b) a State-issued Driver's License as legal proof of his residence. Alade further asserts the trial court did not correctly accept his filed response because, if it had, there is "no way" the court could have found in favor of Miller.

¶ 13                                     A. Standard of Review

¶ 14     The admissibility of evidence is within the sound discretion of a trial court, subject to reversal only upon abuse of discretion. *People v. Graves*, 2012 Ill App (4th) 110536, ¶ 31; *Colella v. JMS Trucking Co. of Illinois, Inc.*, 403 Ill. App. 3d 82, 90 (2010). An abuse of discretion occurs when the circuit court's "ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the circuit court." *In re Marriage of Heroy,* 2017 IL 120205, ¶ 24 (quoting *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009)).

¶ 15                                  B. Inadequate Record on Review

¶ 16     We find that our review of Alade's claims is fatally hampered by the fact that we have no transcript or bystander's report of any of the proceedings from the trial court below. Alade has proceeded *pro se* on this appeal. This court is mindful of the difficulties some *pro se* litigants may

encounter in complying with Illinois Supreme Court Rules. Nonetheless, all appellants, including *pro se* appellants, are required to provide this court with an adequate record to permit meaningful review of the issues raised on appeal. *Rock Island County v. Boalbey*, 241 Ill. App. 3d 461, 462 (1993) (*pro se* appellants must meet a minimum threshold to provide a reviewing court with an adequate record to review issues raised on appeal). In the absence of an adequate record on appeal, it is presumed that the trial court's judgment conformed with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts arising from an incomplete record will be resolved against the appellant. *Id.*

¶ 17        Pursuant to Illinois Supreme Court Rule 323 (eff. July 1, 2017), an appellant may file a bystander's report (Ill. S. Ct. R. 323(c)), or an agreed statement of facts (Ill. S. Ct. R. 323(d)) in lieu of a circuit court transcript. Alade has filed neither.[3] Instead, the record before this court consists of common law documents. However, these documents alone are insufficient to allow this court to find any error by the trial court.

¶ 18        In the instant case, the trial court based its decision on the evidence presented at the bench trial and on its reading of the documents submitted by the parties. Without the benefit of a transcript or bystander's report of the trial court's proceedings, this court cannot ascertain specifically what documents or evidence was presented. Neither can this court know what the court's findings were on the presented evidence. Moreover, this court cannot discern if there was any additional reasoning or rationale that provided the basis for the trial court's ruling. Under these circumstances, this court must presume that the circuit court acted in conformity with the law and

---

[3] While Alade did attempt to file a bystander's report on February 11, 2021, that report was stricken by this court on February 18, 2021, as it was mistakenly docketed and had not been certified by the circuit court.

properly ruled after considering the presented evidence and legal arguments. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005); *Foutch*, 99 Ill. 2d at 391-92.

¶ 19                      C. Alade's Motion Requesting "Dismissal of Order"

¶ 20        On March 18, 2021, the circuit court entered an order regarding Alade's bystander report, finding, *inter alia*, that: (1) now-retired Judge Dennis McGuire conducted a bench trial on October 28, 2019; (2) both parties were represented by counsel on that date; (3) the parties elected not to utilize a court reporter at trial; (4) Miller testified at trial; (5) Alade's witness Simisola Muhammed testified at trial; (6) the trial court ruled in favor of Miller and entered judgment in the amount of $3,100 plus attorney fees and costs in the amount of $1,710; and (7) the parties were unable to enter into any stipulations or agreements concerning what happened at the bench trial.

¶ 21        On March 30, 2021, Alade filed a motion requesting dismissal of an order entered by the circuit court. Alade alleged that, at a hearing on March 11, 2021 to certify his bystander's report, the court asked his witnesses to leave, thereby "robbing the Bystander's Report hearing of corroborating or disputing claims." Consequently, Alade requests that, as "there was no attempt" to ascertain the truth of what occurred during the bench trial, this court should dismiss the circuit court's order and "apply a suitable remedy."

¶ 22        Alade provides no basis in law for this court to dismiss the circuit court's order from March 18, 2021. Nor does he provide a report of proceedings or bystander's report regarding the March 11, 2021 proceedings. As thoroughly detailed above, in the absence of an adequate record on appeal, we must presume that the circuit court acted in conformity with the law and properly ruled after considering all evidence and arguments. *Foutch*, 99 Ill. 2d at 391-92. Accordingly, Alade's March 30, 2021 motion to dismiss the circuit court's March 18, 2021 order is denied.

¶ 23                                    IV. CONCLUSION

¶ 24    Alade's failure to provide a transcript or report of the trial court proceedings and the evidence presented at trial makes it impossible for this court to review the evidence to determine whether the trial court abused its discretion. Consequently, in light of the inadequate record presented on appeal, we affirm the trial court's ruling granting judgment for Miller.

¶ 25    Affirmed.