2024 IL App (1st) 230379-U

THIRD DIVISION
February 14, 2024

No. 1-23-0379

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| SHERYL STOGIS, Individually, as Former Trustee of the Patricia M. Stogis Trust dated July 8, 2008, as former Trustee of the Benedict E. Stogis Living Trust dated July 8, 2008 and Power of Attorney Agent for Patricia M. Stogis; | ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 2022 L 007795 |
| WILLIAM A. MILLER, LEANNE METZCUS, and WILLIAM A. MILLER & ASSOCIATES; | ) ) ) ) | |
| Defendants-Appellees. | ) ) | Honorable John J. Curry, Jr., Judge, presiding. |

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice Reyes and Justice Van Tine concurred in the judgment.

**ORDER**

¶ 1    *Held:* Appellant failed to include a report of proceedings or acceptable substitute to support her claims of error. Therefore, this court must presume the trial court's order granting defendants' motion to dismiss was in conformity with the law and supported by a sufficient factual basis. Affirmed.

¶ 2    Plaintiff Sheryl Stogis filed a complaint alleging legal malpractice against defendants William A. Miller, Leanne Metzcus, and William A. Miller & Associates (the Law Firm). Defendants moved to dismiss the complaint pursuant to section 2-619.1 of the Code of Civil

Procedure (Code) (735 ILCS 5/2-619.1 (West 2022)), which the trial court granted. On appeal, plaintiff contends that she is a proper party to bring this claim because defendants owed her a duty as an intended beneficiary and that the statute of limitations does not bar her claim. We affirm.

¶ 3                                              BACKGROUND

¶ 4     On August 29, 2022, plaintiff filed a complaint against defendants alleging legal malpractice. Among other things, plaintiff alleged that defendants negligently failed to (1) properly amend her mother's living trust in 2014 and 2015 and (2) effect a transfer of the family home that had been in her father's living trust in June 2016. Plaintiff argued that these purported negligent acts resulted in plaintiff's removal as the trustee of her mother's living trust, a delay in the sale of the home, and ongoing litigation surrounding the estate of her now-deceased parents.

¶ 5     On December 9, 2022, defendants filed a motion to dismiss the complaint pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2022)). Defendants argued that both the two-year statute of limitations and the six-year statute of repose barred plaintiff's cause of action. Defendants further argued that plaintiff was not the proper plaintiff because plaintiff's mother, and not plaintiff, was the Law Firm's client. Plaintiff filed her response to defendants' motion on January 17, 2023, disputing defendants' arguments regarding the statute of limitations and whether plaintiff was the proper party to bring the claim. Plaintiff did not address defendants' argument regarding whether the statute of repose barred plaintiff's complaint. In their reply, defendants argued plaintiff's failure to address their statute of repose argument forfeited that issue.

¶ 6     On February 9, 2023, the trial court granted defendants' motion with prejudice. The court's written order stated that the matter was "fully briefed" and the court was "fully advised." The

order did not indicate the grounds upon which the court relied in dismissing plaintiff's complaint. The online docket of the trial court indicates that an "Open Hearing" was held on this same date.[1]

¶ 7    This timely appeal follows.

¶ 8                                    ANALYSIS

¶ 9    On appeal, plaintiff contends the trial court erred in granting defendants' motion to dismiss. Specifically, plaintiff argues that (1) she stated a claim of legal malpractice because defendants owed a duty to her as an intended beneficiary; (2) there was a factual dispute as to when plaintiff learned of her injury, which would vitiate a statute of limitations defense; and (3) defendants were equitably estopped from relying upon a statute of limitations defense.

¶ 10    At the outset, we must address issues with respect to the record on appeal filed with this court. The burden of providing a sufficient record on appeal rests with the appellant (here, plaintiff). *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005); *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of such a record, we must presume the trial court acted in conformity with the law and with a sufficient factual basis for its findings. *Id.* at 392. Furthermore, any doubts arising from an incomplete record will be resolved against the appellant. *Id.* This is particularly true when the judgment order states that the court is "fully advised." *Dell'Armi Builders, Inc. v. Johnston*, 172 Ill. App. 3d 144, 149 (1988).

¶ 11    Supreme Court Rules 321 and 324 require an appellant to provide a complete record on appeal, including a bound and certified copy of the report of proceedings. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); Ill. S. Ct. R. 324 (eff. July 1, 2017). If a verbatim transcript is unavailable, the appellant may file an acceptable substitute, such as a bystander's report or an agreed statement of facts, as provided for in Rule 323. See Ill. S. Ct. R. 323 (eff. July 1, 2017).

---

[1] This court may take judicial notice of the docket of the circuit court. See, *e.g.*, *In re N.G.*, 2018 IL 121939, ¶ 32; *Wells Fargo Bank, N.A. v. Simpson*, 2015 IL App (1st) 142925, n.4.

¶ 12    In this case, however, plaintiff failed to provide a transcript (or acceptable substitute) of the hearing on defendants' motion to dismiss. Defendants' motion relied upon multiple grounds, including the statute of repose barring plaintiff's claim. According to defendants, that was precisely the ground upon which the trial court based its decision. The trial court's written order merely states that it has granted defendants' motion following briefing and "being fully advised."

¶ 13    Without this record, plaintiff's claims that (1) the statute of limitations does not apply or (2) she is a proper party to bring this cause of action are merely speculative, and plaintiff's brief does not address the statute of repose argument. Defendants' brief not only explained that the trial court's basis for dismissing the complaint was the statute of repose; it also pointed out the absence of the hearing transcript (and plaintiff's burden to provide it). Mystifyingly, plaintiff neither filed that particular report of proceedings nor explained its absence to this court.

¶ 14    We recognize that, on June 16, 2023, defendants filed with this court a motion to supplement the record with an attached exhibit purportedly comprising a transcript of the hearing on their motion to dismiss. On July 12, 2023, however, we denied defendants' motion "without prejudice to refiling upon filing the supplemental record electronically along with the motion." Although defendants did not subsequently refile their motion to supplement along with an electronic filing of the proposed supplemental record, it is the appellant's (*i.e.*, plaintiff's) burden to ensure a sufficient record on appeal has been filed in support of her claims. See *Corral*, 217 Ill. 2d at 156; *Foutch*, 99 Ill. 2d at 391-92. We further note that the proposed transcript of the hearing on defendants' motion does appear to support defendants' argument that the trial court granted their motion solely based upon the running of the statute of repose. Nonetheless, it is well established that we may not rely upon any document that is not part of the certified record on appeal. See, *e.g.*, *Cannon v. William Chevrolet/Geo, Inc.*, 341 Ill. App. 3d 674, 680 (2003); *Anderson v. Village of Forest Park*, 238 Ill. App. 3d 83, 90 (1992) (citing Ill. S. Ct. R. 324 (eff.

Aug. 1, 1987) (noting that "the clerk shall prepare and *certify* the record on appeal" (Emphasis in original.))). We therefore cannot consider this purported transcript.

¶ 15    Finally, although the standard of review for a dismissal pursuant to section 2-619.1 is *de novo* (see *Zander v. Carlson*, 2020 IL 125691, ¶ 18), rule 323 does not provide an exemption based upon the standard of review of an issue raised before this court (see Ill. S. Ct. R. 323 (eff. July 1, 2017)). Furthermore, while we are not bound to the reasoning of the trial court, defendants have noted that the issue plaintiff raises was *not* relied upon by the trial court in granting defendants' motion to dismiss. Troublingly, plaintiff has failed to address this point in her reply brief. To examine, for example, whether plaintiff has forfeited this argument by failing to raise it before the trial court, we must have a transcript (or acceptable substitute) to review. It is well established that arguments not raised before the trial court are forfeited in this court. See, *e.g.*, *Jeanblanc v. Sweet*, 260 Ill. App. 3d 249, 254 (1994) (noting that issues raised for the first time on appeal, "even from a summary judgment order," are deemed waived); *Hytel Group, Inc. v. Butler*, 405 Ill. App. 3d 113, 127 (2010) ("A reviewing court will not consider arguments not presented to the trial court. [Citation.] That the argument concerns the constitutionality of a statute does not make a difference."). Accordingly, plaintiff's claim of error here is forfeited.

¶ 16    Since the record on appeal does not contain a properly bound and certified transcript of the hearing on defendants' motion to dismiss, we cannot determine whether the trial court erred in granting defendants' motion. We are therefore compelled to affirm the judgment of the trial court. See *Foutch*, 99 Ill. 2d at 392. Consequently, we must reject plaintiff's contention of error.

¶ 17                              CONCLUSION

¶ 18    The record on appeal that appellant filed with this court is insufficient to establish reversible error. Accordingly, we affirm the judgment of the circuit court of Cook County.

¶ 19    Affirmed.