2024 IL App (1st) 240079-U
No. 1-24-0079
Order filed September 26, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | |
|---|---|
| *In re* MARRIAGE OF | ) |
| | ) Appeal from the |
| RASHIDA THOMPSON, | ) Circuit Court of |
| | ) Cook County. |
| Petitioner-Appellant, | ) |
| | ) No. 22 D 545 |
| v. | ) |
| | ) Honorable |
| CHRISTOPHER THOMPSON, | ) Dominique Ross, |
| | ) Judge, presiding. |
| Respondent-Appellee. | ) |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the judgment of the trial court as the appellant's brief and the record on appeal are insufficient for review of petitioner's claims.

¶ 2    Petitioner Rashida Thompson appeals *pro se* from the judgment entered in a dissolution of marriage proceeding and claims various errors were committed by the trial court. We affirm.

¶ 3    The record on appeal lacks a report of proceedings or substitute therefor. The following background is gleaned from the common law record.

¶ 4    Petitioner and respondent, Christpoher Thompson, were married on August 13, 2011. Three children were born during the marriage. Additionally, petitioner adopted respondent's emancipated child from a previous relationship and respondent adopted petitioner's emancipated child from a previous relationship.

¶ 5    On January 24, 2022, petitioner filed a petition for dissolution of marriage (petition) citing irreconcilable differences which caused an irretrievable breakdown of the marriage. The petition requested that the minor children reside primarily with petitioner and that petitioner have primary responsibilities for them. Petitioner also requested child support and maintenance, distribution of the marital and non-marital property, and attorney fees.

¶ 6    On February 16, 2022, respondent filed a response to the petition admitting irreconcilable differences and the irretrievable breakdown of the marriage, but challenging petitioner's requests regarding the minor children, maintenance, and attorney fees. On July 25, 2023, the court entered a parenting allocation order governing all the parenting and decision-making issues regarding the parties' children.

¶ 7    On December 12, 2023, the trial court entered a judgment of dissolution of marriage (judgment). The judgment reflects that the trial court held a hearing on the petition on June 20 and September 19, 2023, at which time petitioner and respondent testified, and evidence was presented. Under the judgment, the court awarded each party the personal property in their possession and their own retirement benefits free and clear of any interest of the other and allocated real property. Petitioner was to pay respondent $500 for a jointly owned iPad in her possession. The court determined the parties' responsibilities as to joint debts. Respondent was to pay petitioner $500 per month in maintenance for 52.8 months and pay monthly child support of $856.05. The court barred respondent from obtaining maintenance from petitioner. The court found petitioner's

testimony that she filed a notice of claim for dissipation of marital assets on March 28, 2023, was "insufficient in form and substance," "failed to meet the requirements thereof," and "therefore not properly before the [c]ourt to be considered."

¶ 8    On appeal, petitioner argues that the trial court erred in (1) allocating personal property, bank accounts, and a retirement account, and not specifically allocating vehicles; (2) calculating the maintenance awarded to petitioner; and (3) dismissing her claim for dissipation of marital assets.

¶ 9    As a preliminary matter, petitioner's brief fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct 1, 2020), which provides procedural rules that govern the content of appellate briefs. For example, petitioner's brief fails to present an adequate statement of facts necessary to understand the case (Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020)) or an argument section with developed legal arguments and reasoned bases for those arguments (Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). The supreme court rules governing appellate briefs are mandatory and a *pro se* litigant is not relieved from complying with court rules. *Fryzel v. Miller*, 2014 IL App (1st) 120597, ¶¶ 25-26.

¶ 10    Although it would be within this court's discretion to strike petitioner's brief or dismiss petitioner's appeal for noncompliance with Rule 341, we decline to do so. See *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. That said, the lack of cogent and supported arguments in the brief coupled with deficiencies in the appellate record prevent us from reviewing this appeal on the merits.

¶ 11    Petitioner's appeal is directed to the dissolution order entered after a two-day hearing at which the trial court heard testimony and considered evidence. However, the record on appeal lacks any report of proceedings or acceptable substitute such as a bystander's report or agreed

statement of facts. See Ill. S. Ct. R. 323(a), (c), (d) (eff. June 1, 2017). Claims regarding the trial court's factual findings and the bases for its legal conclusions "obviously cannot be reviewed absent a report or record of the proceeding." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005).

¶ 12   Petitioner, as appellant, bears the burden of presenting a "sufficiently complete record of the proceedings at trial to support a claim of error" so that this court may evaluate that alleged error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Any doubts which may arise due to the incompleteness of the record are resolved against the appellant. *Id.* at 392. Without a complete record on appeal, we must presume that "the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.*

¶ 13   Here, without transcripts of the hearing or an acceptable substitute therefor, it is impossible for this court to know what evidence and arguments the court heard. Additionally, the record on appeal lacks the exhibits or other documentary evidence which was admitted by the trial court at the hearing on the petition. Accordingly, the record is insufficient to review petitioner's contentions, and we must presume that the trial court acted in conformity with the law and had a sufficient factual basis for its decision. *Id.*

¶ 14   For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 15   Affirmed.