2021 IL App (1st) 190866-U

No. 1-19-0866

Order filed March 31, 2021

Third Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ANASTASIA FLORES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 OP 79254 |
| | ) | |
| MICHAEL FLORES, | ) | Honorable |
| | ) | Jeanne Marie Wrenn, |
| Respondent-Appellee. | ) | Judge, presiding. |

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Howse and Justice McBride concurred in the judgment.

**ORDER**

*Held*: We affirm trial court's dismissal of petition for order of protection, as petitioner failed to provide sufficiently complete record on appeal.

¶ 1 Petitioner Anastasia Flores appeals *pro se* from an order of the circuit court dismissing her petition for an order of protection against her brother, respondent Michael Flores. Because Anastasia failed to provide the court with an adequate record on appeal, and that failure has substantially impeded our ability to subject Anastasia's claims to meaningful appellate review,

we summarily affirm the circuit court's judgment under the principals articulated by our supreme court in *Foutch v. O'Bryant*, 99 Ill. 2d 389 (1984).

¶ 2    We have gleaned the following facts from the 27-page record on appeal Anastasia filed with the court. Anastasia filed a *pro se* petition for order of protection against respondent Michael Flores, her brother, who lived in Henderson, Nevada. In the petition, Anastasia alleged that she and two other people needed to be protected from abuse by respondent because she was "fearful of further threats and abuse." Specifically, she alleged that Michael flew to Illinois from Nevada, followed her to a McDonalds, and attempted to take her to an ex-boyfriend's house to "have sex with him." Anastasia called the police and walked away from Michael, who continued to follow her. Eventually, Anastasia flagged down a police officer and asked to be escorted to the train because Michael stated that he would follow her "all day." Anastasia stated that she needed respondent "out of [her] life" and alleged that Michael was armed and dangerous. She added that Michael had "blackmail[ed]" her "with the mental hospital that he will take [her] there if [she] don't listen to him." Anastasia further alleged that Michael had broken into her apartment and taken her mail, keys, and "an order of protection," and offered her money for her son.

¶ 3    The circuit court entered an order finding that Anastasia's petition "presented insufficient evidence of an [emergency order of protection]" and "does not meet the standards provided for in the Illinois Domestic Violence Act." The court ordered a separate petition for plenary order of protection to remain pending and continued the case for a hearing after service of process and notice to respondent.

¶ 4    A few weeks later, the court entered a disposition order, continuing Anastasia's petition for a status hearing. It further ordered an alias summons to issue "1st" and noted that respondent

resided out of state. On the same date, the court entered an order stating that Anastasia's "motion is stricken and this case is taken off call." The order explained that Anastasia had withdrawn her motion. However, the record on appeal contains no motion filed by Anastasia, and it is not clear to what motion the court was referring.

¶ 5 After another continuance, the court entered an order dismissing Anastasia's petition "after hearing."

¶ 6 Anastasia timely appealed. In her notice of appeal, Anastasia stated that she was denied an order of protection against Michael because he "is a cop and knows court officials (employees) and judge(s) in the case." She further stated that she needs an order of protection against Michael because he threatened her life.

¶ 7 On appeal, petitioner argues the circuit court "sided" with respondent because they were "friends" and spoke privately before the hearing. She claims that the court should have granted her a two-year order of protection "to protect her life from [respondent]."[1]

¶ 8 It is well established that "an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts that arise from the incompleteness of the record shall be resolved against the appellant. *Id.*

¶ 9 In the present case, the record does not contain a report of the trial court proceedings, specifically the hearing during which the court dismissed petitioner's petition. Nor does the

---

[1]Michael did not file a brief. This court ordered this appeal taken on only petitioner's brief and the record on appeal. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

record contain a suitable substitute for a report of proceedings of that hearing, such as a bystander's report (Illinois Supreme Court Rule 323(c)) or an agreed statement of facts (Illinois Supreme Court Rule 323(d)).Pursuant to Supreme Court Rule 323 (eff. July 1, 2017), in lieu of a trial court transcript, an appellant may file a bystander's report (Rule 323(c)) or an agreed statement of facts (Rule 323(d)). Rather, the record on appeal consists in its entirety of a 27-page common law record containing documents from the court file.

¶ 10    Based on the court's order, we know that it held a hearing and dismissed petitioner's petition. But unfortunately, because we are without the benefit of a transcript, we cannot ascertain what evidence, testimony, or arguments were presented to the court. Nor do we know what findings the court made or the reasoning and rationale that formed the basis of the trial court's judgment.

¶ 11    Under these circumstances, it is simply impossible to review the trial court's reasoning or the basis for its ruling. The law requires us, instead, to presume that the trial court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005); *Foutch*, 99 Ill. 2d at 391-92. On this basis, we affirm the trial court's dismissal of the petition for an order of protection.

¶ 12    The judgment of the circuit court of Cook County is affirmed.

¶ 13    Affirmed.