NOTICE

Decision filed 01/12/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200393-U

NO. 5-20-0393

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THERESA M. JOHNSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 20-SC-766 |
| | ) | |
| RONALD L. ELLEDGE JR., | ) | Honorable |
| | ) | Jeffrey K. Watson, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's judgment in favor of defendant where plaintiff failed to provide a sufficient record to review plaintiff's claim of error.

¶ 2    Plaintiff, Theresa M. Johnson, appeals the October 28, 2020, judgment entered by the St. Clair County circuit court in favor of defendant, Ronald L. Elledge Jr., following a bench trial on plaintiff's small claims complaint. For the following reasons, we affirm.

¶ 3                              I. Background

¶ 4    On March 20, 2020, plaintiff filed, *pro se*, a small claims complaint against defendant in the circuit court of St. Clair County, alleging that defendant owed her $4081.71 plus interest for money he borrowed but never repaid. On August 11, 2020, defendant filed, *pro se*, an answer,

1

denying plaintiff's allegations and requesting a trial. The matter was set for trial on October 27, 2020.

¶ 5        On October 28, 2020, the circuit court entered a written order granting judgment in favor of defendant and against plaintiff. The court's written order indicates that both parties appeared, *pro se*, for trial on October 27, 2020, and that "[a]fter testimony, evidence and review of all exhibits," the court found in favor of defendant. The record on appeal contains the trial exhibits, including 15 plaintiff's exhibits and 2 defendant exhibits, but does not contain a transcript or bystander's report of the trial proceedings held on October 27, 2020.

¶ 6        On December 2, 2020, plaintiff filed a notice of appeal from the circuit court's October 28, 2020, judgment.[1] On January 22, 2021, the record on appeal, consisting of one volume of common law record (28 pages) and one volume of trial exhibits (75 pages), was filed and this court set a briefing schedule. Plaintiff filed an appellant's brief, but no appellee's brief was filed and, thus, the appeal was submitted to this court for decision on the appellant's brief only.

¶ 7                                II. Analysis

¶ 8        On appeal, plaintiff argues that "[t]he facts of the case and the evidence introduced in the trial court do not support a sound and substantial basis for the judge's decision." As noted, defendant has not filed a responsive appellee's brief. We nevertheless may address the merits of this appeal if we determine that plaintiff's claims of error may be easily decided without the benefit of an opposing brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp*., 63 Ill. 2d 128, 133 (1976) ("if the record is simple and the claimed errors are such that the court

---

[1]On December 4, 2020, this court entered an order granting plaintiff 14 days to show cause why the notice of appeal should not be stricken as untimely, and the appeal dismissed for lack of jurisdiction. On December 7, 2020, plaintiff filed a response to this court's show cause order. This court construed plaintiff's response as a motion for leave to file a late notice of appeal and granted the motion on December 10, 2020.

can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal").

¶ 9     "Generally speaking, the standard of review we apply when a party challenges a trial court's bench-trial ruling is whether the trial court's judgment is contrary to the manifest weight of the evidence." *Jackson v. Bowers*, 314 Ill. App. 3d 813, 818 (2000). "A judgment is against the manifest weight of the evidence where the opposite conclusion is clearly evident or where the finding is unreasonable, arbitrary, or not based on the evidence presented." (Internal quotation marks omitted.) *Bangaly v. Baggiani*, 2014 IL App (1st) 123760, ¶ 142.

¶ 10     An appellant has the burden of presenting a sufficiently complete record of the trial court proceedings to support claims of error and, in the absence of such a record, this court will presume that the trial court's order conformed with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts arising from an incomplete record will be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392.

¶ 11     In the present case, our review of the circuit court's October 28, 2020, judgment is hindered by an insufficient record. The court's written order indicates that the court found in favor of defendant after considering the testimony, evidence, and exhibits presented at the October 27, 2020, trial. While the trial exhibits have been included in the record on appeal, the record does not contain a transcript of the October 27, 2020, trial proceedings and plaintiff did not file a bystander's report or an agreed statement of facts as permitted by Illinois Supreme Court Rule 323 (eff. July 1, 2017). See Ill. S. Ct. R. 323 (in lieu of a trial court transcript, an appellant may file a bystander's report (Rule 323(c)) or an agreed statement of facts (Rule 323(d)). Consequently, this court cannot ascertain the substance of the witnesses' trial testimony,

3

the parties' respective arguments at trial, the weight afforded to the evidence and exhibits at trial, or the rationale that provided the basis for the court's judgment in favor of defendant.

¶ 12    Therefore, after examining the record, this court cannot discern where the manifest weight of the evidence lies. We also find it noteworthy that, due to the insufficient record, the factual statement submitted by plaintiff cannot conform to the requirement of Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020), which requires appropriate reference to the pages of the record. Under these circumstances, this court must presume that the trial court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005); *Foutch*, 99 Ill. 2d at 391-92.

¶ 13                                III. Conclusion

¶ 14    For these reasons, we affirm the judgment of the circuit court of St. Clair County.


¶ 15    Affirmed.