2023 IL App (1st) 221078-U

FIFTH DIVISION
November 17, 2023

No. 1-22-1078

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| MONTRELLE REESE, DB HIL 2014 | ) | No. 17 CH 7205 |
| TRUST, UNKNOWN OWNERS, and | ) | |
| NONRECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants, | ) | Honorable |
| | ) | Freddrenna M. Lyle, |
| (Montrelle Reese, Defendant-Appellant). | ) | Judge Presiding. |

_____

JUSTICE MIKVA delivered the judgment of the court.
Presiding Justice Mitchell and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We affirm the judgment of the circuit court because appellant has failed to furnish a sufficient record for this court to determine whether there has been any error.

¶ 2     Defendant Montrelle Reese appeals *pro se* from the circuit court's denial of his May 2022 petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). On appeal, Mr. Reese contends that the circuit court erred when it denied the petition and failed to conduct an evidentiary hearing. Mr. Reese further

contends that plaintiff Lakeview Loan Servicing (Lakeview Loan) violated certain real estate laws. Because appellant has failed to provide us with a sufficient record to determine whether there has been any error in this case, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      The record on appeal does not contain a report of proceedings. The following facts are gleaned from the common law record, which includes Lakeview Loan's complaint, filings by the defense, and the circuit court's orders.

¶ 5      On May 19, 2017, Lakeview Loan filed a mortgage foreclosure complaint against defendants, Mr. Reese, DB HIL 2014 Trust (trust), unknown owners, and nonrecord claimants, regarding an owner- occupied residence on the 1800 block of Princeton Road in Flossmoor, Illinois. The complaint alleged that a mortgage was obtained on September 28, 2015, in the amount of $365,699, and that the monthly installment had not been paid since January 1, 2017. Copies of mortgage documents, signed by Mr. Reese on September 28, 2015, were attached.

¶ 6      On July 31, 2017, Lakeview Loan filed motions for an order of default against all defendants, to dismiss all unknown owners and nonrecord claimants, to appoint a special selling officer, and to enter a judgment of foreclosure and sale.

¶ 7      On August 22, 2017, the circuit court entered an order dismissing all unknown owners and nonrecord claimants. The court also entered an order of default as to Mr. Reese and the trust. In addition, the court entered a judgment for foreclosure and sale, noting that the redemption period would expire on December 29, 2017. A sale was scheduled for January 2, 2018.

¶ 8      On January 12, 2018, Lakeview Loan filed a motion seeking an order approving the report of sale and distribution and an order of possession in favor of the successful bidder, insurers, investors, and agents of Lakeview Loan, and against Mr. Reese and the trust.

¶ 9     On January 29, 2018, the circuit court held a hearing on Lakeview Loan's motion to approve sale. The circuit court's order, entered that date, states that "Defendant and his attorney" appeared and were granted 28 days to file a response to Lakeview Loan's motion.

¶ 10    On February 26, 2018, Mr. Reese and the trust filed, through counsel, a motion to vacate the foreclosure sale.

¶ 11    On May 10, 2018, following a hearing, the circuit court entered an order approving the report of sale and distribution, confirming the sale, and ordering possession against Mr. Reese and the trust that would take effect in 60 days.

¶ 12    On June 5, 2018, Mr. Reese filed a *pro se* motion for reconsideration of the circuit court's "May 7, 2018 Order." On July 9, 2018, the circuit court struck the motion without prejudice for failure to provide courtesy copies and insufficient notice.

¶ 13    Mr. Reese then filed *pro se* motions for reconsideration on July 24, 2018, and September 13, 2018. On September 26, 2018, the circuit court struck the "motion" from the call. The court's order noted that only Lakeview Loan's counsel was present in court.

¶ 14    On October 1, 2018, Mr. Reese filed another *pro se* motion for reconsideration, which is not included in the record on appeal. On October 3, 2018, the court held a hearing on the motion. Mr. Reese was present. The circuit court entered an order taking the matter off the call due to a bankruptcy stay, and ordering Mr. Reese to re-notice the motion once the bankruptcy stay was lifted. The order indicates that Lakeview's counsel notified the court of "bankruptcy 18-24731" but does not indicate what entity was involved in the bankruptcy.

¶ 15    On October 31, 2018, Mr. Reese filed a *pro se* motion for reconsideration. On November 21, 2018, the circuit court struck the motion for lack of jurisdiction. The court's order noted that Mr. Reese was not present.

¶ 16　Mr. Reese filed another *pro se* motion for reconsideration on January 16, 2019. On January 24, 2019, the circuit court struck the motion for lack of courtesy copies. Mr. Reese then filed another *pro se* motion for reconsideration on January 28, 2019. On February 7, 2019, following a hearing where Mr. Reese was present, the circuit court struck the motion, without prejudice, for lack of jurisdiction.

¶ 17　On February 15, 2019, the attorney who filed the February 26, 2018, motion to vacate the foreclosure sale on behalf of Mr. Reese and the trust filed a petition to withdraw as counsel. On February 26, 2019, the circuit court permitted counsel to withdraw.

¶ 18　Mr. Reese thereafter obtained new counsel, who filed a motion on March 18, 2019, to reconsider the circuit court's order approving the January 2, 2018, sheriff's sale and to vacate the sale. On March 21, 2019, the circuit court held a hearing on the motion. Attorneys for both parties were present. The court struck the motion for lack of jurisdiction because the challenged order was entered more than 30 days earlier, on May 10, 2018.

¶ 19　On May 21, 2019, Mr. Reese filed, through the same new counsel, a petition to vacate the May 10, 2018, order pursuant to section 2-1401 of the Code, alleging that the circuit court retained jurisdiction because Lakeview Loan fraudulently concealed facts from the court and Mr. Reese's timely *pro se* motion for reconsideration, filed on June 5, 2018, was never heard on the merits.

¶ 20　On July 31, 2019, Lakeview Loan filed a motion to strike and dismiss the section 2-1401 petition alleging improper service and failure to plead sufficient facts to satisfy the elements of section 2-1401. In the alternative, Lakeview Loan asserted it was entitled to judgment on the pleadings when Mr. Reese would "never be able" to establish a meritorious defense to the foreclosure and because the motion to reconsider would have been denied "as improper." Lakeview Loan thereafter filed an amended motion raising the additional argument that the petition

was barred by section 15-1509(c) of the Code (735 ILCS 5/15-1509(c) (West 2018)), which states that "[a]ny vesting of title *** by deed pursuant to subsection (b) of Section 15-1509 *** shall be an entire bar *** [to] all claims of parties to the foreclosure." Lakeview Loan noted that the title to the foreclosed property was recorded on May 24, 2018, and the instant petition was not filed until May 21, 2019.

¶ 21 On December 2, 2019, the circuit court granted Mr. Reese's new counsel leave to withdraw as counsel. Mr. Reese's third counsel filed an appearance on December 20, 2019.

¶ 22 On February 26, 2020, the circuit court granted Lakeview Loan's motion to dismiss the section 2-1401 petition. The court noted in the order that counsel for Lakeview Loan appeared and that "no one" appeared for Mr. Reese.

¶ 23 On April 26, 2022, a fourth attorney filed an appearance for Mr. Reese. Then, on May 2, 2022, the fourth attorney filed a second petition for relief from judgment seeking an order vacating the January 2, 2018, sale. The petition alleged that the circuit court had jurisdiction because Mr. Reese's prior section 2-1401 petition was "never" adjudicated, Lakeview Loan "fraudulently concealed the facts" from the circuit court, and the court had an interest in preventing the entry of an unjust judgment. The petition further alleged that Mr. Reese did not learn until March 1, 2022, that his third counsel had failed to both file a response to Lakeview Loan's motion to dismiss the 2019 petition for relief from judgment and attend court on February 26, 2020.

¶ 24 On June 24, 2022, the circuit court held a hearing on the May 2022 petition for relief from judgment. Mr. Reese, his fourth counsel, and Lakeview Loan's attorney appeared. Following oral argument, the court denied the petition because the court "lack[ed] jurisdiction to re-open this case." On July 18, 2022, Mr. Reese filed a *pro se* notice of appeal from the June 24, 2022, order.

¶ 25                            II. JURISDICTION

¶ 26    Lakeview Loan contends that the instant appeal is an untimely appeal of the May 10, 2018, order confirming the judicial sale and must be dismissed.

¶ 27    Because Mr. Reese challenges the dismissal of a section 2-1401 petition for relief from judgment, Illinois Supreme Court Rule 303 (eff. July 1, 2017), regarding civil appeals governs. See also *People v. Vincent*, 226 Ill. 2d 1, 8 (2007) ("proceedings under section 2-1401 are subject to the usual rules of civil practice"). Pursuant to Rule 303, an appeal must be filed within 30 days of judgment. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 28    Here, the circuit court denied the May 2022 section 2-1401 petition on June 24, 2022, and Mr. Reese filed a *pro se* notice of appeal from that order on July 18, 2022. Because Mr. Reese filed the *pro se* notice of appeal within 30 days of the entry of the order appealed from, it was timely filed. We thus have jurisdiction over this appeal pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered by the circuit court in civil cases.

¶ 29                            III. ANALYSIS

¶ 30    On appeal, Mr. Reese first contends, "based on the facts presented" to the circuit court and the record on appeal, that the circuit court "misapplied" the law when it denied the May 2022 section 2-1401 petition due to lack of jurisdiction. He argues that his third counsel "fraudulently misled" him into believing the case remained pending during the pandemic.

¶ 31    However, the deficiencies in the record prevent us from reaching this appeal on the merits. As the appellant, Mr. Reese has the burden to provide a complete record for review in the appellate court to support his claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). In the absence of such a record, "it will be presumed that the order entered by the [circuit] court was in conformity

with law and had a sufficient factual basis." *Id.* at 392. This is because, to determine whether there was an error, a reviewing court must have a record before it to review. *Id.*

¶ 32    Here, the record reveals that the circuit court denied the May 2022 section 2-1401 petition on June 24, 2022, following oral argument. However, the record on appeal does not contain a report of proceedings from the oral argument or acceptable substitute such as a bystander's report or agreed statement of facts pursuant to Illinois Supreme Court Rule 323. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without a transcript of the oral argument or an acceptable substitute, we are unable to determine whether any evidence was presented, what the parties argued, or how the circuit court decided to rule as it did. Under these circumstances, we must presume that the court acted in conformity with the law and properly denied the May 2022 section 2-1401 petition based upon the record before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005). In the absence of a report of proceedings or other record of the oral argument, we have no basis for disturbing the circuit court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 33                                  IV. CONCLUSION

¶ 34    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 35    Affirmed.