2024 IL App (1st) 221620-U

No. 1-22-1620

March 12, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| VILLAGE GREEN MANAGEMENT COMPANY, LLC, as Agent, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 22 M1 705895 |
| STEPHANIE BLAKLEY and ALL UNKNOWN OCCUPANTS, | ) ) ) | |
| Defendants | ) ) | Honorable Theresa Marie Smith Conyers, |
| (Stephanie Blakley, Defendant-Appellant). | ) | Judge Presiding. |

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

ORDER

¶ 1    *Held*:  Circuit court's judgment awarding plaintiff possession of the subject apartment unit and a monetary judgment for unpaid rent affirmed where defendant failed to provide a sufficient record to show the court's judgment was erroneous.

¶ 2    In this forcible entry and detainer action, defendant Stephanie Blakley appeals *pro se* from

an eviction order entered by the circuit court granting possession of the subject apartment unit and

a monetary judgment for unpaid rent in favor of plaintiff, Village Green Management Company, LLC. On appeal, defendant contends the circuit court erred in entering judgment in favor of plaintiff because the ruling was inconsistent with the facts and evidence presented at trial. Defendant further argues that the circuit court failed to consider that plaintiff took actions that waived its rights. In addition, defendant claims the court failed to consider that plaintiff evicted her in retaliation after she exposed that plaintiff had committed fraud. We affirm.

¶ 3    Documents in the record show that on April 21, 2022, plaintiff filed a verified complaint for forcible detainer and rent against defendant and all unknown occupants alleging that it was entitled to possession of her apartment on Randolph Street in downtown Chicago. Plaintiff alleged that defendant owed $29,820 plus costs for unpaid rent from March 1, 2021, through February 28, 2022. The rent accrued at the rate of $2485 per month, plus any additional rent pursuant to the terms of the lease. Plaintiff further alleged that defendant unlawfully withheld possession of the unit from plaintiff. Plaintiff requested that the court grant it possession of the property, the amount of past due rent plus costs, and any additional rent due and owed to plaintiff by defendant at the time of trial.

¶ 4    Plaintiff attached to its complaint a copy of defendant's apartment lease dated November 22, 2019. The term of the lease began November 23, 2019, and ended March 22, 2021. In addition to the monthly rent of $2485, defendant signed an addendum to pay $20 per month for her cat.

¶ 5    Plaintiff also attached to its complaint a copy of its five-day notice to vacate the premises served to defendant on March 26, 2022. The notice indicated that defendant owed plaintiff $29,820 and demanded full payment of that amount no later than five days after the service date. The notice stated that if she failed to pay the amount due, her possession of the apartment would be terminated.

¶ 6    On June 29, 2022, defendant filed a *pro se* answer/response to defendant's complaint which appears to be a duplicate of an answer/response she filed two months earlier in a separate case in which plaintiff had sued her for breach of contract (circuit court case number 21-M1-103383). Defendant alleged plaintiff failed to perform its obligations under the lease because many of the building's amenities were closed or had limited access due to the Covid-19 pandemic. She claimed such action decreased the market value of the unit and management should have adjusted the rent. Defendant further alleged that plaintiff attempted to circumvent federal and state orders by filing a breach of contract action against her in February 2021.

¶ 7    Defendant asserted that she filed for legal protection by timely completing and submitting paperwork to management. She stated that she maintained communication with management and made several unsuccessful attempts to resolve the matter by proposing payment arrangements, applying for state and local assistance, seeking mediation, and asking the court to transfer the case to the Early Resolution Program. Defendant asserted that management abused a state program by filing for assistance for all building residents who had balances due, even if they did not qualify, which resulted in her being denied assistance. She also stated that management failed to complete their sections of other applications she initiated for financial assistance.

¶ 8    Defendant alleged plaintiff could have reduced her rent based upon federal tax credit programs it participated in, but plaintiff was "playing hard ball." Defendant stated that she was forced to close the salon she owned due to the pandemic. Defendant proposed that she could bring amenities to the building that would benefit management and attract new residents including an in-building mini-salon/spa and a discounted tax preparation service.

¶ 9 Defendant asked the court to: (1) dismiss plaintiff's petition with prejudice; (2) order plaintiff to work with her as she rebuilds after the pandemic; (3) order plaintiff to complete the landlord sections for rental assistance she applied for with the state and city; (4) order plaintiff to include her on its list of residents participating in the federal tax credit program for reduced and affordable housing; (5) retroactively recalculate her rent to an adjusted market value based on the tax credit program or reduced value of the pandemic; and (6) order that she be allowed to remain in her unit or upgrade to a larger unit to accommodate her four children who would be transitioning to and from college. Defendant attached to her answer numerous exhibits including various emails from plaintiff and management, her resident financial account statement from plaintiff, the first page of plaintiff's complaint against her for breach of contract, and documents pertaining to financial assistance.

¶ 10 On July 11, 2022, the circuit court transferred the case to the Early Resolution Program (ERP) for assessment. On August 11, 2022, the court entered an order indicating that the ERP case management was complete and that the case was not settled. The order transferred the case back to the First Municipal District for further proceedings.

¶ 11 A continuance order dated October 3, 2022, indicates that the case was scheduled for an "in-person" trial on October 5, 2022.

¶ 12 On October 5, 2022, the circuit court entered an eviction order granting plaintiff possession of the subject apartment. The order indicated it was entered "[a]fter [a] contested hearing or trial" at which plaintiff, plaintiff's counsel, and defendant were present. The order stated that defendant must move out of the property on or before November 2, 2022, and if she failed to do so, the sheriff was ordered to evict her. In addition, the order granted plaintiff a monetary judgment against

defendant indicating that she owed $59,791.09 in rent and $509.95 in court costs for a total of $60,301.04.

¶ 13    Defendant appeals *pro se* from the eviction order. She filed unsuccessful motions to stay the eviction order pending the resolution of her appeal in both the circuit court and this court.

¶ 14    On appeal, defendant contends the circuit court erred in entering judgment in favor of plaintiff because the ruling was inconsistent with the facts and evidence presented at trial. Defendant further argues that the circuit court failed to consider that plaintiff took actions that waived its rights. In addition, defendant claims the court failed to consider that plaintiff evicted her in retaliation after she exposed that plaintiff had committed fraud.

¶ 15    In her argument, defendant discusses testimony presented at trial and claims that testimony raised questions about changes in the property's management and her lease renewal paperwork. Defendant asserts that she testified at trial as an expert witness that multiple management changes could be a sign of fraudulent activity. Defendant argues that plaintiff failed to maintain the property in accordance with the lease agreement and that she presented evidence in support of that claim. Defendant states that plaintiff accepted rent from her after her lease expired and argues that such action implied plaintiff waived its rights and automatically renewed her lease. Defendant further states that she presented evidence of unethical conduct by plaintiff which cast doubt on the legitimacy of the past due balance and suggested possible fraudulent activity by plaintiff. Defendant also asserts that she is entitled to a rent reduction due to the pandemic affecting her business, and plaintiff should have enrolled her in an affordable housing program.

¶ 16    Defendant asks this court to: (1) reverse the circuit court's judgment; (2) enter judgment in her favor for $120,602.08, twice the amount of plaintiff's judgment, as monetary damages to be

paid within 30 days; (3) order plaintiff to relocate defendant into another building it manages; (4) order plaintiff to refrain from any retaliation or discrimination towards defendant; and (5) seal the case record.

¶ 17     In response, plaintiff argues that this court should affirm the circuit court's judgment because defendant failed to provide a report of proceedings that supports her claims of error. Plaintiff asserts that defendant has relied on "her personal summaries of witness testimony" and documents that she has characterized as "exhibits."

¶ 18     We find that our review of this appeal is hampered by an incomplete record. An appellant has the burden of presenting a sufficiently complete record of the circuit court proceedings to support any claims of error, and, in the absence of such a record, this court will presume that the circuit court's order conformed with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts arising from an incomplete record will be resolved against the appellant. *Id.*

¶ 19     Pursuant to Supreme Court Rule 321 (eff. Oct. 1, 2021), the record on appeal shall include the common law record, including every document filed in the case, and any report of proceedings prepared in accordance with Supreme Court Rule 323 (eff. July 1, 2017). Pursuant to Rule 323, the report of proceedings may be a transcript prepared by court reporting personnel, or in lieu of a transcript, an appellant may file a bystander's report (Rule 323(c)) or an agreed statement of facts (Rule 323(d)). Here, the record does not contain a report of the circuit court proceedings in any format for the October 5, 2022, trial when the court entered the eviction order.

¶ 20     The record before this court consists of one volume of common law documents, which alone are insufficient to allow this court to find an error by the circuit court. The written eviction

order entered on October 5 indicates it was entered "[a]fter [a] contested hearing or trial" at which plaintiff, plaintiff's counsel, and defendant were present. The order granted possession of the subject property to plaintiff, ordered defendant to move out of the property or be evicted, and awarded plaintiff $60,301.04 in rent and costs against defendant.

¶ 21    Without a report of those proceedings, this court has no knowledge of what testimony or other evidence, if any, was presented by whom, or what arguments the parties made before the court. We do not know what factual findings the court made, or the reasoning and rationale that provided the basis for the circuit court's ruling. Under these circumstances, this court must presume that the circuit court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005); *Foutch*, 99 Ill. 2d at 391-92.

¶ 22    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 23    Affirmed.