2024 IL App (1st) 230978-U

No. 1-23-0978

Order filed May 24, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE DEPARTMENT OF HEALTH AND FAMILY SERVICES *ex rel.* ELIZABETH J. COLLAGUAZO, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Petitioner-Appellee, | ) ) | |
| v. | ) ) | No. 22 D 53029 |
| JONATHAN ANGULO-DELABRA, | ) ) | Honorable Edward Arce, |
| Respondent-Appellant. | ) ) | Judge, presiding |

JUSTICE TAILOR delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the judgment of the circuit court where appellant has failed to furnish a sufficient record such that error can be determined.

¶ 2    Respondent Jonathan Angulo-Delabra and petitioner Elizabeth J. Collaguazo are the biological parents of J.A.[1] Following hearings on April 25, 2023, and May 11, 2023, the circuit

---

[1] The parties' names are spelled in various ways throughout the record. In this order, we adopt the stylings used in the complaint for support filed by the Department of Health and Family Services.

court entered a uniform order of support requiring Angulo-Delabra to pay current child support, retroactive child support, and medical insurance premiums for J.A. Angulo-Delabra appeals *pro se*, arguing that his child support obligation should be reduced due to his medical condition and unemployment. We affirm.

¶ 3    The record on appeal does not contain a report of proceedings or substitute therefor. The following facts are gleaned from the common law record.

¶ 4    On November 3, 2022, the Department of Health and Family Services filed a complaint for support against Angulo-Delabra. The complaint alleged that respondent Angulo-Delabra was obligated for the financial and medical support of J.A., who was born on October 15, 2017, and resided with petitioner Collaguazo, and that Angulo-Delabra had executed a voluntary acknowledgment of paternity on November 1, 2017. The Department sought payment through income withholding to the state disbursement unit.

¶ 5    On February 24, 2023, through counsel, Angulo-Delabra filed a response asking the court to dismiss the complaint for support. The response asserted that Angulo-Delabra was disabled due to hip dysplasia and could not seek social security disability benefits. Further, Angulo-Delabra's ability to work was limited by his disability, citizenship status, and inability to speak fluent English.

¶ 6    On February 28, 2023, the court entered a temporary uniform order for support requiring, *inter alia*, that Angulo-Delabra pay unallocated child support totaling $100 per month beginning March 1, 2023. The court ordered the parties to provide the State with proof of income, medical insurance, and any other child support orders. Additionally, the court scheduled a hearing for April 25, 2023, regarding Angulo-Delabra's "disability status and inability to work." The order noted

that the State had received a financial affidavit, letter of workmen's settlement, and medical documents.[2] The court ordered Angulo-Delabra to provide the State with "any/all further documentation regarding disability and inability to work."

¶ 7     On April 25, 2023, the court entered an order stating that a hearing was conducted regarding "permanent support/medical/retro support." According to the order, the hearing was attended by Collaguazo, Angulo-Delabra, Angulo-Delabra's attorney, a Spanish interpreter, and the State. The matter was continued to May 11, 2023.

¶ 8     On May 11, 2023, the court entered a uniform order of support. The order, comprising a five-page preprinted form, includes checked boxes indicating that Collaguazo, Angulo-Delabra's attorney, and the State appeared and that a hearing took place. The court ordered that, beginning May 11, 2023, Angulo-Delabra pay monthly child support totaling $313.08, comprising $250 for unallocated support, $25 for retroactive support, and $38.08 for medical insurance premium. Angulo-Delabra's obligation for retroactive support, for the period between November 3, 2022, and May 10, 2023, totaled $1279.60.

¶ 9     The order stated that Angulo-Delabra's support obligations deviated from the statutory minimum guidelines due to Angulo-Delabra's "status," "ability to obtain employment," and "diagnosis of congenital hip dysplasia leading to advanced severe hip arthritis." The order further stated that during the hearing on April 25, 2023, the court sustained the State's objection to certain medical records, and that Angulo-Delabra "may have some physical limitations" that did not "preclude him from working in all capacities such as sitting."

---

[2] These documents are not included in the record on appeal.

¶ 10    On appeal, Angulo-Delabra argues his child support obligation should be reduced to $100 per month because he is unemployed, lacks health insurance, and requires total hip replacement surgery. Angulo-Delabra asserts that he provided the circuit court with documentation from a chiropractor, which the court rejected because the chiropractor "is not a specialist." Angulo-Delabra maintains that he would like to help his child and has applied to jobs, but has been unable to find work due to his situation.

¶ 11    Initially, our review of Angulo-Delabra's appeal is hindered by his failure to comply with Illinois Supreme Court Rule 341(h), which specifies that an appellant's brief must contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Here, Angulo-Delabra's brief cites neither the record nor legal authority. "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." (Internal quotation marks omitted.) *Labell v. City of Chicago*, 2019 IL App (1st) 181379, ¶ 51. Accordingly, to the extent that Angulo-Delabra's brief fails to comply with Supreme Court Rule 341(h)(7), his contentions are forfeited.

¶ 12    Considering the content of Angulo-Delabra's brief, it would be within our discretion to dismiss this appeal. See *Retirement Plan for Chicago Transit Authority Employees v. Chicago Transit Authority*, 2020 IL App (1st) 182510, ¶ 51. However, as it is clear that Angulo-Delabra challenges the terms of the circuit court's uniform order of support, we choose to consider the discernible merits of the appeal. See *Battle v. Chicago Police Department*, 2022 IL App (1st)

200083, ¶ 10. That said, deficiencies in the record still prevent us from resolving this appeal on the merits.

¶ 13 On appeal, the appellant, in this case Angulo-Delabra, has the burden to provide a complete record for review in the appellate court to support an allegation of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id*. at 392. This is because, in order to determine whether an error occurred, a reviewing court must have a record before it to review. *Id*.

¶ 14 As noted, the record on appeal does not contain a report of proceedings or an acceptable substitute such as a bystander's report or agreed statement of facts pursuant to Illinois Supreme Court Rule 323. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without a transcript or an acceptable substitute for the hearings on April 25, 2023, and May 11, 2023, we are unable to determine what evidence Angulo-Delabra presented to the court or what arguments were made. Under these circumstances, we must presume that the court acted in conformity with the law based upon the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 157 (2005). Absent a report of proceedings or other record of the proceedings, we have no basis for disturbing the circuit court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 15 In reaching this conclusion, we note that Angulo-Delabra attached certain medical records and x-rays to his briefs on appeal that post-date the circuit court's uniform order of support. As these documents did not exist at the time, they were obviously not included in the common law record. "The general rule is that material which was not part of the court record or considered by the trial court is not part of the record on appeal and should not be considered by the appellate

court." (Internal quotation marks omitted.) *Ruiz v. Walker*, 386 Ill. App. 3d 1080, 1081 (2008). As these documents are not properly before this court, we do not consider them. However, as the Department acknowledges, nothing in our decision precludes Angulo-Delabra from petitioning the circuit court to modify his support obligations set out in the May 11, 2023, order, based on changed circumstances, including his examination and evaluation by an orthopedic surgeon on May 16, 2023, that he requires a total hip replacement, and the note from Dr. Lima, dated more than a week after the child support order, that he is unable to work due to his medical condition.

¶ 16   For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 17   Affirmed.