2024 IL App (1st) 230832-U

No. 1-23-0832

Order filed June 7, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| YOUAEL ZAYA and SHPEKNY MOSHE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 M1 108274 |
| | ) | |
| ALEXANDRA GARCIA, | ) | Honorable |
| | ) | Elizabeth A. Walsh, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the judgment of the trial court, where plaintiffs failed to provide a sufficiently complete record on appeal.

¶ 2    Plaintiffs Youael Zaya and Shpekny Moshe appeal from the trial court's order denying their motion to reconsider the judgment entered in favor of defendant Alexandra Garcia, their former landlord, on their action to recover their security deposit and denying their motion for sanctions. On appeal, plaintiffs argue the trial court (1) erred in denying their motion to reconsider,

which presented newly discovered evidence that defendant "deceived" the trial court regarding why she failed to return the security deposit, and (2) erred in denying their motion for sanctions. We affirm.

¶ 3    The record on appeal includes one volume of the common law record and lacks a report of proceedings. The following background is gleaned from the common law record.

¶ 4    On April 16, 2021, plaintiffs and defendant entered into a residential lease agreement (lease) where plaintiffs agreed to rent an apartment from defendant from April 16, 2021, to April 16, 2022. The lease specified that plaintiffs would deposit $3350 with defendant "as security for any damage caused to the Premises during the term hereof." The lease also stated:

> "A. REFUND. Upon termination of the tenancy, all funds held by the landlord as security deposit may be applied to the payment of accrued rent and the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with the terms of this Illinois Lease Agreement or with any and all laws, ordinances, rules and orders of any and all governmental or quasi-governmental authorities affecting the cleanliness, use, occupancy and preservation of the Premises."

¶ 5    The lease specified that defendant could deduct reasonable charges from the security deposit for, *inter alia*, "[u]npaid or accelerated rent," "[l]ate charges," "[c]osts of cleaning, deodorizing, and repairing the Property and its contents for which Tenant is responsible," "[c]osts of reletting, if Tenant is in default," "[a]ttorney fees and costs of court incurred in any proceeding against Tenant," and "[o]ther items Tenant is responsible to pay."

¶ 6    On May 2, 2022, plaintiffs filed a verified complaint against defendant, which they subsequently amended, alleging breach of contract for defendant's failure to return the $3350

security deposit after plaintiffs vacated the apartment. Plaintiffs alleged they vacated the apartment on March 15, 2022, left the apartment in broom-clean condition, and repainted it.

¶ 7    On October 31, 2022, defendant filed an amended verified answer asserting she kept the security deposit because plaintiffs left the apartment in disrepair. Defendant raised as affirmative defenses that plaintiffs terminated the lease early but remained responsible for paying rent until the end of the tenancy, and the apartment needed to be "cleaned, patch[ed], sanded and painted" after plaintiffs vacated. Defendant alleged damage to the apartment and that plaintiffs left behind furniture, clothing, and other personal belongings. Defendant asserted the repair bill totaled $5400, and attached a contract with a renovation company, dated March 19, 2022, that detailed work on the apartment for that sum. Later, on January 30, 2023, defendant filed an answer to plaintiffs' request to admit that included photographs purporting to show the condition of the apartment before and after it was leased to plaintiffs.

¶ 8    On February 22, 2023, following a bench trial, the trial court entered judgment in favor of defendant, finding plaintiffs "failed to meet their burden of proof." Checked boxes on the order reflect that the parties and their attorneys were present in court.

¶ 9    On February 28, 2023, plaintiffs filed a motion to reconsider alleging newly discovered evidence that defendant "deceived" the trial court regarding why she failed to return the security deposit. Plaintiffs alleged that defendant agreed to an early move-out date and secured a new tenant beginning on March 15, 2022, and plaintiffs left the apartment in "broom-clean condition and freshly painted." Plaintiffs attached an affidavit from the new tenant, Viktor Vileshin, attesting he took possession of the apartment and started paying rent on March 15, 2022, and that no contractor performed work on the apartment from March 15, 2022, to March 19, 2022. Plaintiffs also filed a

motion for sanctions, seeking attorney fees and costs based on the evidence in their motion to reconsider.

¶ 10    On March 7, 2023, defendant filed a response asserting that Vileshin's affidavit was "tainted" because defendant had filed a complaint for eviction against him, a copy of which was attached as an exhibit. On March 20, 2023, plaintiffs filed a reply to defendant's response to their motion to reconsider, attaching thereto a copy of Vileshin's residential lease agreement for the apartment for March 15, 2022, to March 15, 2023.

¶ 11    On April 18, 2023, following a hearing, the trial court denied the motion to reconsider and motion for sanctions in a written order, stating the trial ruling "will stand."

¶ 12    On appeal, plaintiffs argue that the trial court erred in denying their motion to reconsider and motion for sanctions when it refused to consider the newly discovered evidence that defendant committed perjury at trial.

¶ 13    As a preliminary matter, plaintiffs' brief fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which provides mandatory procedural rules that govern the content of appellate briefs. Specifically, plaintiffs' brief fails to present legal arguments supported by relevant legal authority that would aid this court in engaging in a meaningful review of the contentions at issue. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (the argument section of the appellant's brief "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on"). Instead, plaintiffs' brief contains a narration of the case from their point of view, without legal arguments and reasoned bases for those arguments in violation of Rule 341(h)(7). As such, it would be within this court's discretion to dismiss plaintiffs' appeal. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32.

However, because it is clear that plaintiffs challenge the trial court's ruling denying reconsideration of the judgment in favor of defendant as to the security deposit and the denial of sanctions, we decline to dismiss the appeal. See *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22. Nonetheless, the deficiencies in the record still prevent us from reviewing this appeal on the merits.

¶ 14    Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021) provides that the record on appeal shall include the "entire original common law record" and "any report of proceedings prepared in accordance with Rule 323." Under Illinois Supreme Court Rule 323 (eff. July 1, 2017), the report of proceedings may be a transcript of the proceedings, or in lieu of a transcript, a bystander's report or an agreed statement of facts.

¶ 15    Here, the record on appeal lacks a report of proceedings, bystander's report, or agreed statement of facts. Plaintiffs, as appellants, bear the burden of presenting a "sufficiently complete record of the proceedings at trial to support a claim of error" so that this court may evaluate that alleged error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Claims regarding the trial court's factual findings and the bases for its legal conclusions "obviously cannot be reviewed absent a report or record of the proceeding." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). Any doubts which may arise due to the incompleteness of the record are resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. Without a complete record on appeal, we must presume that "the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id*.

¶ 16    Plaintiffs' brief asserts that both parties testified at trial, but the record on appeal omits a transcript or proper substitute of the trial proceedings or of the hearing on the motion to reconsider

and motion for sanctions. Further, in the written order denying the motion to reconsider, the trial court only stated that its trial ruling "will stand."

¶ 17    While plaintiffs' brief on appeal discusses various exhibits included in the common law record, we have no way of knowing the evidence and arguments presented to the trial court that led to the judgment in defendant's favor, the denial of the motion to reconsider, and the denial of sanctions. The lack of transcripts or appropriate substitutes prevents this court's review, as we have no basis to determine whether the court committed any error as plaintiffs allege. See *id.* at 391 ("[f]rom the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant"). Accordingly, as the record is insufficient to review plaintiffs' contentions, we must presume that the trial court acted in conformity with the law and had a sufficient factual basis for its decisions. *Id.* at 392.

¶ 18    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 19    Affirmed.