2026 IL App (1st) 241597-U

No. 1-24-1597

Order filed January 14, 2026

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| KECIA PORTER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 M1 104920 |
| | ) | |
| DARREN HOLLIS, | ) | Honorable |
| | ) | Arlene Y. Coleman-Romeo, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE MARTIN delivered the judgment of the court.
Justices Lampkin and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*: Judgment for defendant affirmed where plaintiff failed to provide a sufficient record to demonstrate that the circuit court's judgment was erroneous.

¶ 2    Plaintiff Kecia Porter, appearing *pro se*, appeals from an order of the circuit court of Cook County entering judgment in favor of defendant, Darren Hollis, following a bench trial in a breach of contract action. On appeal, plaintiff contends the trial court erred when it allowed defendant to argue the merits of plaintiff's case and prematurely weighed the factual disputes during the hearing on defendant's motion to dismiss pursuant to section 2-619 of the Illinois Code of Civil Procedure

(Code) (735 ILCS 5/2-619 (West 2022)). Plaintiff further alleges that the trial court's finding that she engaged in the unauthorized practice of law was against the manifest weight of the evidence. Plaintiff also claims the trial court abused its discretion when it failed to properly apply the law, despite the record containing evidence that defendant breached their contract. We affirm the trial court's judgment since plaintiff failed to provide this court with a sufficient record to demonstrate that the rulings or judgment were erroneous.[1]

¶ 3                                    I. BACKGROUND

¶ 4      On March 2, 2023, plaintiff filed a *pro se* complaint against defendant for breach of an oral contract. On April 18, 2023, she filed an amended complaint, alleging that she and defendant had known each other for more than 20 years and that they were previously in a relationship. After their relationship ended, defendant asked plaintiff to help him file a discrimination claim with the U.S. Equal Employment Opportunity Commission (EEOC) against his former employer. Plaintiff filed the online complaint, and defendant received a "Right to Sue" letter from the EEOC.

¶ 5      In June of 2019, defendant asked plaintiff to draft a complaint suing his former employer and offered to pay plaintiff for the work she performed. Plaintiff agreed to help in exchange for payment for "her services." Plaintiff told defendant she would calculate the amount he owed her after she completed the work. Plaintiff stated that they agreed any payment would be contingent upon defendant receiving a judgment or settlement. The parties never drafted a written contract.

¶ 6      Plaintiff alleged she conducted topic research; completed court forms; drafted several pieces of correspondence, demand letters, and legal summaries; screened for attorneys; created a court profile for e-filing; and accompanied defendant to the federal district court in Rockford on

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

three occasions. Plaintiff stated that after defendant retained an attorney, she continued to "support" defendant. Plaintiff claimed that from June 2019 through June 2020, she spent approximately 2000 hours working on defendant's case.

¶ 7    Plaintiff alleged that in June 2022, defendant received a settlement but lied to her about the amount and when he received it. In July 2022, defendant gave plaintiff a "partial payment" of $3000 in cash. In April 2023, defendant gave plaintiff an additional $500. Plaintiff calculated the total amount defendant owed her as $17,000, minus the $3500 he had paid. Plaintiff requested that the court find that defendant breached their oral contract and award her a judgment of $13,500.

¶ 8    On May 18, 2023, defendant, through counsel, filed a motion to dismiss plaintiff's complaint pursuant to section 2-619(a)(9) of the Code. Defendant argued that, accepting plaintiff's allegations as true, she was prohibited from receiving compensation for practicing law without a license pursuant to the Illinois Attorney Act (Act) (705 ILCS 205/1 (West 2022)) and governing case law. Defendant argued that plaintiff's acts of giving defendant legal advice and preparing his legal documents constituted the practice of law.

¶ 9    Defendant attached his own affidavit, stating that plaintiff helped draft a grievance letter to his former employer demanding an investigation and stating that he would pursue filing a complaint with the EEOC. Defendant confirmed that plaintiff explained to him the process of filing an EEOC charge and she completed the online charge. Plaintiff drafted defendant's complaint and helped him file it in the federal district court. Defendant attached copies of the grievance letter and complaint to his motion.

¶ 10    On June 5, 2023, plaintiff filed a response, arguing that she never claimed to be an attorney or legal representative. Plaintiff claimed she was "simply a voice for Hollis at his urging." Plaintiff further argued that defendant filed his federal complaint as a *pro se* litigant and, therefore, her

assistance was permissible under the "*pro se* exception." Plaintiff noted that although she accompanied defendant to court to support him, she never addressed the court on his behalf. She explained that she helped defendant screen several attorneys and law firms, and she went with defendant when he met with attorneys to help him find legal representation. After defendant retained an attorney, plaintiff continued to assist defendant with comprehending "materials and research."

¶ 11    Plaintiff further argued that Illinois law did not allow for dismissal of her complaint based on the unauthorized practice of law unless she had claimed to be an attorney and was negligent in providing defendant with legal assistance that caused him harm. Plaintiff asserted the act of completing legal forms that required common knowledge did not constitute the unauthorized practice of law. Plaintiff maintained that she provided defendant with nothing more than "high quality assistance." Plaintiff stated that defendant agreed to pay her $17 per hour for her services. She argued that nothing precluded her from entering into agreements to receive fees for the services she provided to people.

¶ 12    Plaintiff also argued that her agreement with defendant established a contract because (1) defendant's request for her assistance was an offer that she accepted, and (2) there was consideration, based on her agreement to be paid contingent upon a settlement or judgment. She asserted that there were ascertainable material terms to their contract and an intent to be bound with mutual assent. Plaintiff stated defendant was fully aware that she intended to be paid for her work. She argued defendant's conduct in giving her a partial payment of $3000 was proof they had an agreement. She and defendant had several oral agreements in the past where she paid defendant for doing yardwork and driving her places.

¶ 13 Plaintiff attached her own affidavit stating that she never marketed herself as an attorney but showed people "how to navigate the world with autonomy." She stated that she represented "clients" as a "Social Security Administrative non-attorney Rep" and was paid a standard fee plus administrative fees. Plaintiff described herself as a "freelanced administrator," who was a community liaison for social and disability services and vocational assistance. She asserted she was "legally entitled" to charge fees at her discretion and charged either an hourly rate or a flat rate based upon the level of complexity involved. Plaintiff stated that her usual rate was $20 to $30 per hour, with a family discounted rate of $17 per hour. She stated that she made a "reasonable adjustment" for defendant because he was obligated to pay taxes on the settlement he received.

¶ 14 Plaintiff also attached a one-page handwritten "Work Schedule" for defendant, dated 2019, stating that she worked 29 to 37 hours per week and made three trips to Rockford which totaled 2000 hours of work for the year. The schedule stated that plaintiff's fees for defendant's case totaled $34,000 which she reduced by half to $17,000. Plaintiff also attached her business card stating that she performed "community outreach," copies of checks she wrote to defendant in 2016 and 2017, emails and texts she and defendant exchanged regarding his case, and four affidavits from people she assisted with obtaining disability and family leave benefits averring to her professional character.

¶ 15 On June 26, 2023, defendant filed a reply arguing that despite plaintiff's claim that she could navigate complex issues, the Act precluded her from charging defendant for legal assistance, which made the "oral contract" upon which she filed suit unenforceable. Defendant argued that the fact that he knew plaintiff was not a lawyer and that she did not advertise herself as a lawyer was irrelevant. He further asserted that plaintiff misstated the law when she claimed "filling out forms" is not the practice of law. Moreover, the "*pro se* exception" did not apply to plaintiff

because she was not the litigant, defendant was. Defendant clarified that he was not suing plaintiff for the unauthorized practice of law but was instead invoking the law that a non-attorney cannot charge for rendering legal assistance or giving legal advice.

¶ 16    On July 10, 2023, the trial court held a hearing on defendant's motion to dismiss and entered an order taking the motion under advisement. The record on appeal does not include a report of proceedings for the hearing.

¶ 17    Two weeks later, plaintiff filed a motion to dismiss defendant's motion to dismiss, claiming defendant raised additional information and arguments not in his initial motion, and she was not given time to respond to his new claims. Plaintiff challenged a comment the trial court made during the hearing and argued that it was prejudicial for the court to allow defense counsel to elaborate during his closing argument. On August 8, 2023, the trial court struck plaintiff's motion to dismiss as improper.

¶ 18    On August 21, 2023, the trial court denied defendant's motion to dismiss and set a trial date. The court's written order gives no reasoning or basis for the denial, and there is no report of proceedings for this date in the record.

¶ 19    On July 24, 2024, following a bench trial, the court entered judgment for defendant. The court's written order stated that the parties presented evidence and arguments to the court. The record on appeal does not include a report of proceedings for the trial. Plaintiff thereafter filed a timely notice of appeal.

¶ 20    On September 9, 2024, plaintiff filed an emergency motion in the trial court to file a bystander's report for appeal. Therein, plaintiff stated that she had served an agreed statement of facts on defense counsel but counsel refused to sign. Consequently, plaintiff was filing a bystander's report. Plaintiff attached several documents to her motion, including a purported email

exchange with defense counsel in which counsel stated, "I do not agree to this statement of facts." The other documents appear to be filings from the instant case, including plaintiff's amended complaint, her "work schedule" for defendant's case, a list of "work performed," her previous affidavit, a computer print-out with general information about Title VII protections, the first page of defendant's federal complaint for employment discrimination, and an email regarding a status hearing in defendant's federal suit. There is no bystander's report included with this motion in the record on appeal.

¶ 21    The trial court entered an order on September 11, 2024, stating that plaintiff's emergency motion to present the bystander's report was withdrawn.

¶ 22    On September 18, 2024, plaintiff filed a "2nd Motion for Courts Approval of Bystander Report." In her motion, plaintiff stated that on September 11, the trial court asked plaintiff if she had engaged in "illegal recording of the trial on April 30, 2024 and July 24, 2024," since her proposed bystander's report was " 'so precise and accurate.' " Plaintiff asserted that the court's "accusations of criminal intent and unsubstantiated claims" were prejudicial and biased and "exposed her to unfair treatment." Plaintiff claimed the trial judge stated that she had "more important cases" on which she needed to spend her time. Plaintiff further stated she withdrew her initial motion at the judge's suggestion, after the judge stated that the court needed more time to refer to its notes and that plaintiff could file an extension if needed. Plaintiff included a seven-page bystander's report she wrote in the format of a trial transcript.

¶ 23    The hearing on plaintiff's motion to file the bystander's report was scheduled for October 3, 2024. The record does not include the court's ruling on the motion or any indication of what occurred in the circuit court on or after that date. Plaintiff never filed a bystander's report with this court. Thus, the record on appeal contains no report of proceedings in any format.

¶ 24                                II. ANALYSIS

¶ 25     On appeal, plaintiff has raised three issues. Defendant has not filed a responsive appellee's brief with this court. On August 15, 2025, we entered an order taking this case for consideration on the record and appellant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976) (appeal may be taken on appellant's brief only where the issues are simple and can be decided without additional briefing).

¶ 26     Plaintiff first contends that the trial court erred in allowing defendant to argue the merits of plaintiff's case and prematurely weighing the factual disputes during the hearing on defendant's motion to dismiss her complaint. Plaintiff claims the court was biased and voiced arguments in support of defendant and against plaintiff's objections. Plaintiff further argues the trial court allowed defense counsel to argue affirmative defenses at the hearing and elaborate during closing arguments. She claims defense counsel engaged in insults and accusatory claims that were outside her complaint.

¶ 27     We note that plaintiff is not challenging the trial court's ruling on defendant's motion to dismiss and that the court, in fact, denied defendant's motion, thereby ruling in plaintiff's favor. Plaintiff asserts, however, that the court's conduct during the hearing denied her an opportunity to develop the factual record with discovery and to "defend" her case, which prejudiced her in the subsequent proceedings and denied her due process.

¶ 28     We find that our review of this issue is hampered by an incomplete record. An appellant has the burden of presenting a sufficiently complete record of the circuit court proceedings to support any claims of error, and, in the absence of such a record, this court will presume that the circuit court's order conformed with the law and had a sufficient factual basis. *Foutch v. O'Bryant*,

99 Ill. 2d 389, 391-92 (1984). Any doubts arising from an incomplete record will be resolved against the appellant. *Id.*

¶ 29    "Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding." *In re Marriage of Westlund*, 2020 IL App (1st) 190837, ¶ 36. Pursuant to Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021), the record on appeal shall include the common law record, including every document filed in the case, and any report of proceedings prepared in accordance with Illinois Supreme Court Rule 323 (eff. July 1, 2017). Rule 323 provides that the report of proceedings may be a transcript prepared by court reporting personnel, or if no verbatim transcript is available, an appellant may file a bystander's report (Rule 323(c)) or an agreed statement of facts (Rule 323(d)).

¶ 30    Here, in plaintiff's "2nd Motion for Courts Approval of Bystander Report" filed in the trial court, she stated that defense counsel refused to agree or stipulate to her proposed agreed statement of facts. Thus, plaintiff attempted to have the trial court certify her bystander's report pursuant to Rule 323(c). The rule states that when reviewing a bystander's report, the trial court may hold a hearing if necessary, and "shall promptly settle, certify, and order filed an accurate report of proceedings." Ill. S. Ct. R. 323(c). The rule further states, "[a]bsent stipulation, only the report of proceedings so certified shall be included in the record on appeal." *Id.*

¶ 31    In her brief before this court, plaintiff states that she made multiple attempts to have the trial court certify her bystander's report, but the court refused to do so "with no clear bases." Plaintiff further states that she thereafter filed a motion for leave to file a petition for an original writ of *mandamus* with the Illinois Supreme Court to compel the trial court to certify the bystander's report, which the supreme court denied. *Porter v. Coleman Romeo*, No. 131231 (Ill.

Dec. 10, 2024) (dispositional order). The supreme court also denied plaintiff's motion to reconsider its ruling. *Porter*, No. 131231 (Ill. Jan. 9, 2025) (dispositional order).

¶ 32    Consequently, the record does not contain a report of the trial court proceedings in any format for the hearing on defendant's motion to dismiss plaintiff's complaint. The record before this court consists of only common law documents, which alone are insufficient to allow this court to find any error in the manner in which the trial court conducted the hearing. We do not know what arguments were made by either party or what findings and specific rulings were made by the trial court. We are, therefore, unable to find that something occurred during the hearing that caused plaintiff to suffer prejudice during subsequent proceedings in the case or at trial.

¶ 33    Plaintiff next contends that the trial court's finding that she engaged in the unauthorized practice of law was against the manifest weight of the evidence and constituted an abuse of discretion. Plaintiff alleges that the trial court abused its discretion when it entered judgment for defendant where the court failed to properly apply the law, despite evidence that defendant breached their oral contract.

¶ 34    We find that our review of these issues is again hampered by an incomplete record. There is no indication in the record that the trial court, at any point in the proceedings, found that plaintiff engaged in the unauthorized practice of law. We recognize that this was the argument presented by defendant in his motion to dismiss the complaint. The trial court, however, denied defendant's motion. The court's written order denying the motion does not state the court's findings or its basis for the denial. Similarly, the court's written order entering judgment for defendant following the bench trial does not state the court's findings or basis for its judgment.

¶ 35    Even if the court found plaintiff had engaged in the unauthorized practice of law, we must presume that finding was correct. Without a report of proceedings or an acceptable substitute, this

court has no knowledge of what occurred during the hearing or trial. We do not know what evidence or testimony was presented by either party at the hearing or at trial, or what arguments the parties made before the trial court. Nor do we know the reasoning or rationale that provided the basis for the court's entry of judgment in favor of defendant.

¶ 36     We acknowledge that plaintiff made multiple unsuccessful attempts to have the trial court certify her proposed bystander's report. The record does not indicate why a bystander's report was not certified. Any proposed report must comply with the requirements stated in Rule 323(c), which provide that the report must be accurate to be certified. This court cannot speculate as to why the trial court did not certify plaintiff's proposed report.

¶ 37     The record submitted to this court is insufficient to review plaintiff's contentions. Under these circumstances, we must presume that the trial court acted in conformity with the law when it made its findings and entered judgment in favor of defendant. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005); *Foutch*, 99 Ill. 2d at 391-92. Accordingly, we must affirm the trial court's judgment in favor of defendant.

¶ 38                                    III. CONCLUSION

¶ 39     For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 40     Affirmed.