2026 IL App (1st) 250169-U

No. 1-25-0169

Order filed June 3, 2026

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| IRENE KOGAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 M2 003145 |
| | ) | |
| TODD MCCARTNEY, | ) | Honorable |
| | ) | Jeffery G. Chrones, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE MARTIN delivered the judgment of the court.
Justices Lampkin and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's judgment is affirmed where plaintiff failed to provide a sufficiently complete record on appeal for review.

¶ 2    Plaintiff Irene Kogan appeals *pro se* from a judgment requiring defendant Todd McCartney, an attorney, to pay her $750 in a dispute over a contract for legal services. On appeal,

Kogan contends that the trial court erred in failing to award her the full retainer she paid to McCartney. Because Kogan failed to present a sufficiently complete record on appeal, we affirm.[1]

¶ 3                                         I. BACKGROUND

¶ 4       The following background is derived from the limited record on appeal, comprised of only one common law record volume.

¶ 5       On August 7, 2024, Kogan filed a *pro se* complaint, alleging fraud and breach of contract against McCartney and seeking $10,000 in damages. Kogan alleged that she paid McCartney a $2000 retainer "to represent her in a contingency case," but McCartney never filed a suit, "wasted [her] time," and caused her "substantial pain and suffering." She attached to her complaint a handwritten note, bearing a signature "Todd McCartney Attorney," which states, "To Irene Kogan: This is a receipt for a payment of $2,000 from Irene Kogan to Attorney Todd McCartney for legal [repre]sentation in a law suit."

¶ 6       On September 6, 2024, Kogan filed a motion to "post a bond with the court," rephrasing her allegations and alleging that McCartney refused to refund her retainer. Kogan attached to the motion an email from McCartney, dated August 4, 2024. In the email, McCartney explained that he refused to return Kogan's retainer because he had already spent significant time on her case. He stated he "was sending a demand letter and [would] see what happens." He further advised that he had already told Kogan "many times" that her case was problematic and explained his reasons why.

¶ 7       The court denied Kogan's motion on September 30, 2024, and later set the case for a bench trial on January 27, 2025.

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 8     Following trial, the court entered an order stating it had been fully advised in the premises and awarding judgment in favor of Kogan for $750. Kogan filed her notice of appeal with the circuit court on January 30, 2025, "seeking relief for remainder of payment in amount of $1,250."

¶ 9                                    II. ANALYSIS

¶ 10    On appeal, Kogan contends that the trial court erred when it failed to award her the entire $2000 retainer she paid to McCartney. Kogan maintains that she retained McCartney "to represent her in a contingency case in 2024," but that he "never represented" her nor provided any documentation at trial as to his representation.[2]

¶ 11    McCartney counters that the court did not err when it awarded Kogan $750 and dismissed her remaining claims, since the dispute arose from an agreed-upon fee arrangement and contract. Further, he paid Kogan the $750 due to her.

¶ 12    As an initial matter, Kogan's brief, submitted using portions of the Supreme Court's approved preprinted appellant brief form, fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct 1, 2020), which provides mandatory procedural rules governing the content and format of appellate briefs. *Doherty v. Country Faire Conversion, LLC*, 2020 IL App (1st) 192385, ¶ 36. For example, in violation of Rule 341(h), Kogan fails to specify this court's jurisdiction, list any legal authority in support of her argument, or cite to the record. Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Additionally, the brief does not contain an "argument" section, in which an appellant is required to provide cohesive legal arguments with citations to relevant law. *Id.*

---

[2]As an appendix to her appeal, Kogan attaches roughly 40 pages of text exchanges and emails between herself and McCartney. We note that a party may not supplement the record on appeal "by attaching documents to the appendix of a brief." *Kerbes v. Raceway Associates, LLC*, 2011 IL App (1st) 110318, ¶ 7, n.1. As these records are not included in the record on appeal, we will not consider them.

¶ 13    *Pro se* litigants must comply with the same rules of procedure as other litigants. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45. We may strike a brief and dismiss an appeal for failure to comply with the rules, though we may decline to do so where the record on appeal is short and we have the benefit of a cogent appellee brief. *Id.* ¶¶ 45, 48. See also *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). However, McCartney's brief is likewise deficient, lacking, *inter alia*, citations to legal authority, record cites, or an argument. Ill. S. Ct. R. 341(h)(7), (i) (eff. Oct. 1, 2020).

¶ 14    The absence of a report of trial proceedings hinders meaningful review of the merits of Kogan's appeal. As the appellant, Kogan bears the burden of presenting a sufficient record to support her claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984); *Republic Ontario LLC v. Organ*, 2025 IL App (1st) 231405, ¶ 93. Claims regarding the trial court's factual findings and the bases for its legal conclusions "obviously cannot be reviewed absent a report or record of the proceeding." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). Any doubts arising from an incomplete record will be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. Absent an adequate record preserving the claimed error, we must presume that the trial court's order was "in conformity with the law and had a sufficient factual basis." *Id.*; *Republic*, 2025 IL App (1st) 231405, ¶ 94.

¶ 15    Here, Kogan alleges that the court erred when it awarded her a partial refund of the retainer paid to McCartney, and contends that McCartney failed to show documentation of his representation at trial. Yet Kogan has not provided a transcript of the trial proceedings, nor a proper substitute for the transcripts under Illinois Supreme Court Rule 323 (eff. July 1, 2017).

¶ 16    Absent a report of the proceedings at trial, we lack any record of the arguments presented, the evidence entered, or the grounds for the court's finding. Because the record is inadequate for

our review of Kogan's assertions, we have no basis for disturbing the trial court's judgment and must presume that the trial court acted in conformity with the law and had a sufficient factual basis for its decision. *Foutch,* 99 Ill. 2d at 392.

¶ 17                                    III. CONCLUSION

¶ 18    For the foregoing reasons, we affirm the trial court's judgment.

¶ 19    Affirmed.